manifest. We do suggest, however, that if failure to file requests at the prescribed time be due to accident, or other cause not involving gross or wilful neglect or fault, the trial court may well exercise its discretion to receive them at a later time, if no prejudice to the adverse party, or disadvantage to the court or material delay in the progress of the trial would result. *Farrington* v. *Cheponis,* 84 Conn. 1, 9, 78 Atl. 652.

None of the further arguments advanced afford justification for interference by us in the decision of the trial court on the motion to set aside the verdict.

There is no error.

In this opinion the other judges concurred.

JOSEPH S. SILVER ET AL. *vs.* THE KINGSTON REALTY CORPORATION.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY JS.

Argued December 2d, 1931—decided February 16th, 1932.

*Benjamin Slade,* for the appellant (defendant).

*David Levy,* with whom, on the brief, was *Solomon Elsner,* for the appellees (plaintiffs).

BANKS, J.  This was an action to foreclose a mortgage upon real estate, by writ dated April 8th, 1931, and served upon the defendant on April 9th, 1931. On April 8th, upon application of the plaintiffs, and without notice to the defendant, a receiver of rents was appointed by *Judge Peasley.*  On April 14th, the defendant filed a written motion to revoke the appointment which, after a hearing, was denied on May 12th, 1931, and the defendant appealed.

The defendant contends that there was error in the appointment of the receiver because it was made without notice to it, and that the appointment and the refusal to revoke it were erroneous because neither the complaint nor the application for the appointment alleged any facts justifying such an appointment.

The question of notice has, through the sequence of events, become immaterial. The defendant came voluntarily into court after the order of appointment, and, at the hearing upon its motion to revoke the appointment, had the opportunity to present its objections to the appointment. Having had its day in court, and the benefit of everything it could possibly have obtained had it been present when the original appointment was made, it cannot now raise the objection of lack of notice. The court's refusal to revoke the appointment amounted in substance to a new appointment made after the parties appeared and were heard. *Universal Savings & Trust Co.* v. *Stoneburner*, 113 Fed. 251, 51 C. C. A. 208; *Elwood* v. *First National Bank of Greenleaf*, 41 Kan. 475, 21 Pac. 673; *Bristow* v. *Home Building Co.*, 91 Va. 18, 20 S. E. 946, 947.

Neither the complaint nor the application for the appointment of a receiver contained allegations of facts sufficient to justify the appointment of a receiver of rents and the original appointment was therefore an improvident one. 1 Wiltsie on Mortgage Foreclosure (4th Ed.) § 557. In the motion to revoke the appointment, however, it was alleged that the property subject to the plaintiffs' mortgage was of sufficient value to furnish ample security for the payment of the first mortgage thereon, as well as the amount due upon the plaintiffs' mortgage, and that no equitable grounds appeared for the appointment of a receiver. This motion required no answer or other pleading, and raised the issue of the insufficiency of the security for

the plaintiffs' mortgage and of the existence of equitable grounds for the appointment of a receiver. The defect in the complaint and the application was covered by the allegations of the defendant's motion. When a defendant chooses to understand a complaint to contain all the facts essential to his liability, and answers those which have been omitted, he supplies the defect in the complaint and submits for the decision of the court the issues raised by his own pleading. *Wall* v. *Toomey,* 52 Conn. 35; *Vickery* v. *New London Northern R. Co.,* 87 Conn. 634, 89 Atl. 277; 49 Corpus Juris, p. 864, § 1274, and cases there cited.

At the hearing upon the defendant's motion to revoke the appointment of the receiver, the court had before it the question of the insufficiency of the plaintiffs' security, and the existence of equitable grounds for the appointment of a receiver. We must assume that the facts as well as the defendant's claims of law, were all before the court upon the argument of the motion to revoke the appointment, and its denial of the motion imports a conclusion that the security was insufficient and that equitable grounds appeared for the appointment of a receiver of rents, and a finding of the issues in favor of the plaintiffs.

There is no error.

In this opinion the other judges concurred.