HENRY YOUNG *v.* POLISH LOAN AND INDUSTRIAL CORPORATION ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.
Argued February 6—decided February 23, 1940.

*Samuel Rosenthal,* with whom was *Monroe S. Gordon,* for the appellants (defendants).

*Thomas F. McDonough,* for the appellee (plaintiff).

PER CURIAM. The plaintiff secured a judgment for damages for personal injuries due to the negligence of the defendants and a decree setting aside a conveyance of real estate by the named defendant on the ground that it was fraudulent. The defendants

filed an appeal to this court. Subsequently the plaintiff made a motion in the action that a receiver be appointed to manage the real estate and collect the rents and profits therefrom. The trial court granted the motion and appointed a receiver. At that time the defendants had filed a request for a finding but none had been made. The defendants filed this appeal from the granting of the motion appointing the receiver as from a separate judgment. The appointment of a receiver of rents in a pending action is not ordinarily a final judgment which can be made the basis of an appeal. *Silver* v. *Kingston Realty Corp.*, 114 Conn. 349, 351, note, 158 Atl. 889. When such an order is made after judgment in the action has been rendered but while an appeal is pending from that judgment, a claim that the order was erroneous may be included in that appeal. *Valluzzo* v. *Valluzzo*, 103 Conn. 265, 266, 130 Atl. 126. This can be done by securing an additional finding, if necessary, and amending the assignments of error. Practice Book, § 395. The order appointing a receiver was not a final judgment and we must, therefore, even in the absence of a motion, dismiss the appeal. *In re Application of Title & Guaranty Co.*, 109 Conn. 45, 51, 145 Atl. 151; *Curry* v. *Civil Service Commission of Bridgeport*, 125 Conn. 344, 347, note, 5 Atl. (2d) 846.

The appeal is dismissed.