## MORGAN B. MORE ET ALS. *v.* THE WESTERN CONNECTICUT TITLE AND MORTGAGE COMPANY.

MALTBIE, C. J., JENNINGS, ELLS and DICKENSON, Js.[1]

Argued October 9—decided December 7, 1942.

*Raymond E. Baldwin,* for the appellant.

[1] By agreement of counsel the case was argued before and decided by four judges.

*Frank J. DiSesa,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellee (the receiver).

MALTBIE, C. J. The defendant corporation, now in receivership, was engaged in the business, among other things, of loaning money on mortgages and issuing against them participation certificates. The manner in which it conducted its business and the nature of the participation certificates appear in our decision in *More* v. *Western Connecticut Title & Mortgage Co.,* 128 Conn. 360, 23 Atl. (2d) 128. We there held that holders of participation certificates owned a share in the mortgage against which they were issued, subject to the terms and conditions of certain agreements made with reference to the respective rights and duties existing between them and the defendant; that as partial assignees of the rights secured by the mortgage, they were vested with a beneficial interest in it although title remained in the defendant; and that whatever would have been the relationship between the parties as regards mortgaged property before it came into the possession of the defendant it was held by it, after it had been acquired, charged with a trust for the certificate holders so far as their interests were concerned. If the debt secured by a mortgage was paid to the defendant, the certificate holders were entitled to have the amount due them paid to them, and the corporation would hold the money received by it charged with a like trust.

In the case of certain mortgage debts paid to the corporation before the receivership, some of the certificates against the mortgage were not paid but the money was used by the corporation to pay those holding certificates against other mortgages, creditors of the corporation or its expenses. The receiver peti-

tioned the Superior Court for advice, asking whether the holders of these unpaid certificates were entitled to have their claims allowed as preferred claims. The trial court, holding that it was not possible, upon the facts before it, to determine the validity of a contention for a preference which some of the certificate holders might make, advised the receiver that, when a list of the claims was filed in court in accordance with § 240 of the Practice Book, it would not allow the claims as preferred, but, if otherwise valid, would allow them as general claims, and that thereafter any of the claimants, pursuant to this section of the rules, might make application for the allowance of his claim as preferred, without prejudice because of its decision upon the motion. One certificate holder in the class under consideration has appealed.

Section 240 makes it the duty of a receiver, when the time allowed to present claims has passed, to file a list of those presented and make application for an order of the court thereon; the court then allows or disallows the claims, in whole or in part, and orders the receiver forthwith to give written notice to each claimant whose claim has been disallowed in whole or in part; and any such claimant may within two weeks from the giving of notice make application to the court for the allowance of the claim. While the rule does not expressly cover the disposition of a claim for a preference, it is implied in it that the same practice should be followed; if a claim is allowed but the preference is denied, notice should be given to the claimant; and he then has two weeks within which to apply to the court for its allowance as a preferred claim. It is not the function of the receiver to allow or disallow claims or determine preferences; but in his report it is his duty, if they fall into different classes, so to state and to give at least in general terms the basis upon

which the claims or any claims for preference rest; and that he may make recommendations as to the action to be taken by the court thereon is implied in the direction that he make application for an order of the court with reference to them.

In the case before us the receiver sought a ruling by the court as to the allowance of the claims previously referred to, apparently in anticipation of the filing by him of a list of the claims presented. The court made clear in its decision that, even though the claim for preference should be disallowed by the court upon the filing of the list of claims, the appellant and any other claimant in the same class would then have the right to make application to the court for the allowance of his claim as preferred. The decision of the trial court did not, therefore, conclude the rights of any of the claimants within the class under consideration; it was not a final judgment; and no appeal properly lay therefrom. Conn. App. Proc., § 6. We must, therefore, dismiss the appeal. *Young* v. *Polish Loan & Industrial Corporation,* 126 Conn. 714, 715, 11 Atl. (2d) 395.

While it was stated by the receiver's counsel in oral argument that it would assist the receiver in the performance of his duties to have the matter now determined, it is difficult to see how this could be so to any material extent in view of the limited functions he performs with reference to the claims filed in the receivership. But there is a more weighty reason why we should not rule upon the question sought to be presented to us. The trial court in its memorandum of decision stated that the only argument made or brief filed before it supporting the contention that the claims in this class are entitled to a preference was submitted by some of the directors of the corporation. Only one certificate holder has come before us and he does not purport to

represent all of those who are similarly situated. We ought not to make a definite ruling which might affect many certificate holders not appearing or represented before us. Moreover, as the trial court points out in its memorandum of decision, many facts which do not appear of record might be material in determining whether claims in the class of that involved in the appeal are entitled to a preference.

We should not, therefore, even express an opinion as to the correctness of the reasons advanced by the trial court in its memorandum of decision for the conclusion to which it came. See *In re Application of Title & Guaranty Co.*, 109 Conn. 45, 52, 145 Atl. 151; *Lusas v. St. Patrick's Roman Catholic Church Corporation*, 123 Conn. 166, 167, 193 Atl. 204.

The appeal is dismissed.

In this opinion the other judges concurred.