HARTFORD NATIONAL BANK AND TRUST COMPANY *v.* STANLEY V. TUCKER ET AL. (10976)

PETERS, C. J., HEALEY, DANNEHY, COVELLO and F. HENNESSY, Js.

Argued December 5, 1984—decision released February 12, 1985

---

*Stanley V. Tucker,* pro se, the appellant (named defendant).

*Bourke G. Spellacy,* with whom were *Frank Scinto* and, on the brief, *Charles F. Corcoran III* and *Emily G. Holcomb,* for the appellee (plaintiff).

*Edward W. Manasse,* for the rent receiver.

DANNEHY, J. This is an appeal by the named defendant (hereinafter the defendant) from a judgment for the plaintiff in an action to foreclose a mortgage of premises at 711 East Main Street in Torrington. The defendant contends, inter alia, that the trial court erred in allowing interest, attorneys' fees, payment for insurance, and fees for an appraisal and title search to be made a part of the sum awarded to the plaintiff in the judgment which ordered a foreclosure by sale.[1]

---

[1] Some of the errors assigned on appeal were not pursued in (argued upon) the defendant's brief. We treat them as abandoned. *Pastir* v. *Bielski,* 174

This is the third appearance of this case in this court.[2] We do not understand on what ground the defendant undertakes to reargue that the plaintiff is not entitled to interest and reimbursement for expenses, costs, attorneys' fees and appraiser's fee. Those asserted errors were raised, discussed and appropriately interred in *Hartford National Bank & Trust Co.* v. *Tucker,* 178 Conn. 472, 423 A.2d 141 (1979), cert. denied, 445 U.S. 904, 100 S. Ct. 1079, 63 L. Ed. 2d 319 (1980) (*Tucker I*), and *Hartford National Bank & Trust Co.* v. *Tucker,* 181 Conn. 296, 435 A.2d 350, cert. denied, 449 U.S. 956, 101 S. Ct. 363, 66 L. Ed. 2d 221 (1980) (*Tucker II*). We pass that portion of the argument by, only remarking that the mandates of this court in the previous appeals of this case significantly determined the course to be pursued in the trial court on remand.

A statement of facts and the reasons for our decisions have been set forth in full detail in *Tucker I* and *Tucker II* and we will only briefly restate them here. This litigation had its provenance in January, 1976, when the plaintiff instituted an action to foreclose a mortgage given by the defendant to the plaintiff on a certain piece of land owned by the defendant in Torrington. A receiver of rents was appointed. The action went to judgment, and on December 2, 1977, the trial court ordered the sale of the premises at public auction. The defendant appealed to this court. On July 24, 1979, we concluded that no error had been committed by the trial court and, as the day set for sale had passed by reason of the appeal, remanded the case to it for the setting of a new date for a public sale of the mort-

Conn. 193, 384 A.2d 367 (1978). Those that attempt to raise questions of law not made in the trial court are not considered.

[2] This matter has been appealed by the defendant to this court five times. The first two appeals were dismissed, the next two appeals were heard on the merits with decisions rendered on July 24, 1979, and June 24, 1980, and the present appeal was filed on August 17, 1981.

gaged premises and other formalities not inconsistent with our decision. *Tucker I,* supra, 480. On July 27, 1979, the plaintiff filed a motion with the trial court seeking an order setting a new date for a public sale of the subject property and other incidental orders. On August 3, 1979, the defendant filed a motion to reargue his appeal before this court, which was denied on September 19, 1979. On September 21, 1979, he filed a motion with this court for a stay of proceedings so that he might prepare a petition for certiorari to be filed with the United States Supreme Court.[3] We granted the defendant a stay of proceedings for thirty days on November 1, 1979. *Tucker II,* supra, 297.

Ignoring our order that stayed the force of the judgment and suspended its execution, on September 5, 1979, the trial court granted the plaintiff's motion of July 27, 1979, and modified the judgment to provide for a public sale to be held on October 13, 1979. The defendant appealed from that judgment. We reviewed all of the claims raised by the defendant. None had merit. We found error with regard to the modification of judgment only because the defendant was deprived of the full and unhampered right of appellate review in accordance with the applicable rules of practice or statutes. The case was remanded on June 24, 1980, "for the setting of a new date for a public sale of the mortgaged premises and any other necessary orders not inconsistent with this opinion." Id., 298–99.

On May 26, 1981, the plaintiff moved for the setting of a new date for a public sale of the mortgaged premises and other necessary orders. Both parties appeared and were heard on the motion. The court heard all the evidence which was offered, the defendant being always present. After ascertaining the sum total that was due on the mortgage and after extended inquiry into the

---

[3] The defendant's petition for certiorari was denied on February 25, 1980. *Hartford National Bank & Trust Co.* v. *Tucker,* 178 Conn. 472, 423 A.2d 141 (1979), cert. denied, 445 U.S. 904, 100 S. Ct. 1079, 63 L. Ed. 2d 319 (1980) (*Tucker I*).

value of the mortgaged premises, on July 23, 1981, the trial court decreed foreclosure by sale to be held on October 17, 1981. This appeal ensued.

In carrying out the direction of a mandate, the Superior Court is limited to the specific direction of the mandate as interpreted in the light of the opinion. *Mazzotta* v. *Bornstein,* 105 Conn. 242, 243, 135 A. 38 (1926); see *Gary Excavating Co.* v. *North Haven,* 163 Conn. 428, 430, 311 A.2d 90 (1972). Our mandate to the Superior Court both in *Tucker I* and in *Tucker II* made it plain that the judgment of that court rendered on December 2, 1977, was affirmed and that further proceedings should not be inconsistent with the views expressed in those opinions. This phraseology, while not controlling the details of the course to be pursued in the trial court, limits the proceedings insofar as they must conform to the remanding directions. We are satisfied that the judgment rendered by the trial court on remand conformed to the mandate of this court. That being so, the defendant cannot now raise questions which were or could have been answered on the former appeals.

The time fixed in the judgment for the public sale of the mortgaged premises passed pending appeal. Because of delays incident to the legal process of appeal, the judgment of the trial court became ineffective in an essential respect, and what is in effect a new judgment became necessary. *Tilden* v. *Century Realty Co.,* 112 Conn. 439, 441–42, 152 A. 707 (1930). Our prior holdings that the plaintiff was entitled to interest and reimbursement for expenses, costs, attorneys' fees and appraiser's fee were binding upon the trial court. The effect of the rescripts in *Tucker I* and in *Tucker II* was to affirm the judgment of December 2, 1977, in every particular. It was therefore proper for the trial court in the new judgment to confirm the original one in all respects except as modification was made necessary by the delays incident to the appellate pro-

cess. *Tilden* v. *Century Realty Co.*, supra, 442. The trial court, in carrying out the rescripts in our decisions, was required to set a new date for a public sale of the mortgaged premises, to ascertain the amount due the plaintiff, and to add to that amount interest and reimbursement for expenses, costs, attorneys' fees and appraiser's fee. This was the judgment rendered by the trial court on July 23, 1981. There is no error.

The complaint accompanying the mesne process in this action was filed in the Superior Court on January 30, 1976. On August 13, 1976, upon motion of the plaintiff and over vigorous objections by the defendant, a receiver of rents was appointed. After judgment for a foreclosure by sale was rendered on July 23, 1981, and the defendant appealed, the receiver of rents filed a motion to terminate the receivership. The motion to terminate the receivership was denied but the receiver was substituted, effective upon the filing of a final account. The original receiver was allowed compensation and authorized to spend money for maintenance and to pay from the balance left in his hands taxes due to the city of Torrington in an amount not to exceed $10,000. The defendant claimed the court erred in making these orders and amended his appeal accordingly.

No appeal lies from the appointment of a receiver of rents in a foreclosure action.[4] *Young* v. *Polish Loan & Industrial Corporation,* 126 Conn. 714, 715, 11 A.2d 395 (1940); *Silver* v. *Kingston Realty Corporation,* 114 Conn. 349, 350n, 158 A. 889 (1932). Review of that ruling must await an appeal from the final judgment of foreclosure. *Hartford Federal Savings & Loan Assn.* v. *Tucker,* 192 Conn. 1, 5, 469 A.2d 778 (1984). In this case, the receiver of rents was appointed by the court in 1976, prior to the entry of the judgment of fore-

[4] By contrast, the denial of an application for the appointment of a receiver is an appealable final judgment. *Brey* v. *Brey,* 1 Conn. App. 397, 398 n.4, 472 A.2d 354, cert. denied, 193 Conn. 806, 477 A.2d 659 (1984).

closure on December 2, 1977. Any objection the defendant may have had to the appointment of the rent receiver was raised when he appealed from the judgment of foreclosure of December 2, 1977. Since the defendant exercised his right to appeal from the appointment of the rent receiver, we are entitled to presume that he had a full opportunity to present his claims. "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect. . . . To the contrary, a final judgment commands respect." *United States* v. *Frady,* 456 U.S. 152, 102 S. Ct. 1584, 71 L. Ed. 2d 816, reh. denied, 456 U.S. 1001, 102 S. Ct. 2287, 73 L. Ed. 2d 1296 (1982).

In *Young* v. *Polish Loan & Industrial Corporation,* supra, we noted an exception to the general rule that the appointment of a receiver of rents is not an appealable final judgment. When an appointment is made after a judgment in the action has been rendered but while an appeal is pending from that judgment, a claim that the order was erroneous may be included in that appeal. Id., 715. The trial court's order of January 12, 1982, denying the motion to terminate the receivership effectively continued the receivership, merely changing the identity of the rent receiver. The continuation of a rent receivership with a substituted rent receiver does not constitute an appealable order within the aforementioned exception. The defendant's appeal from the trial court's December 2, 1977 order of foreclosure included a challenge to the 1976 appointment of the receiver of rents which was rejected in *Tucker I.* No further review of that appointment by this court is warranted.

Not only did the trial court have the authority to continue the receivership and to "modify any such order" as necessary, but also to "make any such order in the action as the exigencies of the case may require." Gen-

eral Statutes § 52-504; see also Practice Book § 509. When a receiver is appointed in a foreclosure action to take charge of the property, he holds it as an arm of the court and the funds in his hands are available to the court for distribution to those rightfully entitled to them; *Desiderio* v. *Iadonisi,* 115 Conn. 652, 655, 163 A. 254 (1932); including the payment of taxes and the compensation of the rent receiver. All of the parties concerned in the present controversy will still be before the court when the ultimate determination of their rights in respect to the distribution of the rents is made after the mortgaged premises are sold. *Silver* v. *Kingston Realty Corporation,* supra, 350n.

The defendant, a layman, tried his own case and prepared and argued his appeal in this court. On laboriously reviewing the matter, we have followed the liberal policy usual where a layman appears pro se, and have carefully considered his claims so far as they are fairly presented upon the record. *Tucker I,* supra, 476. It is obvious, however, that there is no merit to his claims and that no injustice has been done to him under the law.

This litigation has lasted for nine years. There is no longer any reason to prolong this case into the indefinite future by allowing the defendant a roving inquiry into irrelevant matter in the subsequent proceedings. Our mandate properly interpreted in the light of prior decisions of this court and the applicable statutes expressly directs the route to be followed.[5]

There is no error. The case is remanded to the Superior Court for the setting of a new date for a public

[5] We appreciate the plaintiff's concern that this matter come to an expeditious conclusion. While we cannot predict the course of future events, we note that should the defendant take an appeal from the judgment rendered as a result of this remand, the trial court may, under the appropriate circumstances, terminate an automatic stay of execution. See Practice Book § 3065.

sale of the mortgaged premises and other necessary orders not inconsistent with this opinion.

In this opinion the other judges concurred.