[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: MOTION TO DISMISS #101
On August 6, 2001, the plaintiff, David Janicki, filed a single count complaint against the defendant, Linda A. Subbloie, alleging common law defamation.
The defendant was appointed guardian ad litem of the plaintiffs minor child in a custody case.[1] The plaintiff alleges that the defendant defamed him by intentionally publishing false and damaging information about the plaintiff in order to deprive the plaintiff of visitation with his child. The plaintiff alleges that the defendant wrote a letter to the minor child's school stating that the plaintiff was not entitled to have access to his daughter's records. The plaintiff also alleges that the defendant reported to the Wallingford police department and the Family and Children's Aid of Danbury that the plaintiff had threatened another person with violence.
The plaintiff claims that his reputation has been damaged because of the alleged defamatory statements and that he has suffered emotional distress. As a result, the plaintiff is seeking compensatory and punitive damages.
On September 21, 2001, the defendant filed a motion to dismiss accompanied by two affidavits, one from the defendant and one from the secretary of the plaintiffs former attorney, along with a memorandum of law in support. On October 1, 2001, the plaintiff filed a memorandum of law in opposition.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v.Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314 (1995). "Jurisdiction of the subject-matter is the power [of the court] to hear CT Page 4106 and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Federal DepositIns. Corp. v. Crystal, 251 Conn. 748, 763, 741 A.2d 956 (1999).
"[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Community Collaborative ofBridgeport, Inc. v. Ganim, 241 Conn. 546, 552, 698 A.2d 245 (1997). "The plaintiff bears the burden of proving subject matter jurisdiction, whenever and however raised." Fink v. Golenbock, 238 Conn. 183, 199 n. 13, 680 A.2d 1243 (1996).
"[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410-11,722 A.2d 271 (1999). "Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citation omitted; internal quotation marks omitted.) Barde v. Board ofTrustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988); Shay v. Rossi,253 Conn. 134, 140, 749 A.2d 1147 (2000).
The defendant moved to dismiss the plaintiffs complaint on the ground that the court lacks subject matter jurisdiction because the defendant is entitled to absolute immunity from plaintiffs claims in a defamation action.
In support of the motion, the defendant relies on federal cases and argues in her memorandum that she is entitled to absolute immunity because the duties of guardians ad litem are quasi-judicial in nature. The defendant also argues that public policy requires that absolute immunity be given to those persons who are "integrally related to the judicial process." The defendant further argues that the alleged letter written to the minor child's school was written by the defendant as a guardian ad litem on behalf of the minor child. Likewise, the alleged statements made to the police department and the Family and Children's Aid were made to protect the minor child.
In opposition to the motion, the plaintiff argues that the defendant was not acting in her role as guardian ad litem when she made the alleged defamatory statements because the alleged statements were made to persons not parties to the litigation. The plaintiff argues that the defendant CT Page 4107 stepped out of her role and overstepped her boundaries.
A guardian ad litem functions as a representative of a minor child's best interests. Schult v. Schult, 241 Conn. 767, 779, 699 A.2d 134
(1997). "Connecticut law does not indicate whether guardians ad litem are covered by any type of immunity. Although General Statutes § 4-165
provides immunity from personal liability for state officers and employees, it does not clearly include guardians ad litem under this umbrella of protection.[2] No statutory provision or case law expressly provides that a guardian ad litem is a state officer or employee."[3]Whitney v. Taplin, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 339190 (May 28, 1999, Rush, J.) (24 Conn.L.Rptr. 610, 612). "Although guardians ad litem do not clearly fall under the protection of §§ 4-165 and 4-[141],[4] these provisions indicate that Connecticut has a policy interest in protecting employees functioning in positions comparable to guardians ad litem. Specifically, these provisions afford protection to commissioners of the superior court acting in quasi-judicial positions." Id.
In addition, Connecticut courts have held that court appointed persons are "arms of the court" and, therefore, cannot be subjected to suit.Hartford National Bank Trust Co. v. Tucker, 195 Conn. 218, 225,487 A.2d 528, cert. denied, 474 U.S. 845, 106 S.Ct. 135, 88 L.Ed.2d 111
(1985) (receiver appointed by court is an "arm of the court");Summerbrook West, L.C. v. Foston, 56 Conn. App. 339, 344, 742 A.2d 831
(2000) ("[a] receiver appointed by judicial authority cannot, in the absence of a statute to the contrary, be subjected to suit without the leave of the court whose officer he is. . . ." [Citation omitted; internal quotation marks omitted.]).
Federal courts have held specifically that guardians ad litem are included in the category of persons entitled to judicial immunity. SeeCok v. Cosentino, 876 F.2d 1, 3 (1st Cir. 1989) (guardians ad litem "[function] as agents of the court and have absolute quasi-judicial immunity for those activities integrally related to the judicial process"); Hughes v. Long, 242 F.3d 121, 127 (3d Cir. 2001) (court appointed evaluators, like guardians ad litem, "are entitled to judicial immunity because they [act] as arms of the court and [perform] functionsintegral to the judicial process" [Emphasis added; internal quotation marks omitted.]).
"The protection [of judicial immunity] extends only to those who areintimately involved in the judicial process, including judges, prosecutors and judges' law clerks. (Emphasis added.) Lombard v. EdwardJ. Peters, Jr., P.C., 252 Conn. 623, 631, 749 A.2d 630 (2000) (committee appointed by court to conduct foreclosure sale not entitled to enjoy CT Page 4108 absolute judicial immunity because its function "is more administrative than judicial in nature"). Unlike a court appointed committee, a guardian ad litem exercises discretion in representing the minor child's best interests, as opposed to merely carrying out administrative duties. In the present case, the defendant argues that she reported the plaintiff to the proper authorities after receiving information from the plaintiffs attorney at the time that the plaintiff had made threatening remarks to the attorney's secretary. In reporting the plaintiff to the authorities, the defendant argues that she was following the policy of the Family and Children's Aid of Danbury. The defendant exercised professional judgment in reporting the plaintiff to the authorities. The court finds that the use of such professional judgment is intimately related to her role as a court appointed guardian ad litem.
As noted above, the role of a guardian ad litem is to be the representative of the minor child's best interests. Schultz v. Schultz, supra, 241 Conn. 779. It would seem likely that it was in the minor child's best interest for the defendant to report the plaintiff's alleged threatened use of violence. Furthermore, the court, finding that the actions taken by the defendant were "integrally related" to the judicial process and that the defendant was acting as an "arm of the court," such actions should, therefore, be protected by absolute immunity.
Public policy requires that guardians ad litem be allowed the protection of absolute immunity because to expose them to the possibility of personal liability will deter them from acting as advocates for minor children. The Sixth Circuit reasoned that "[a] guardian ad litem must . . . be able to function without the worry of possible later harassment and intimidation from dissatisfied parents . . . A failure to grant immunity would hamper the duties of a guardian ad litem in his role as advocate for the child in judicial proceedings." Kurzawa v. Mueller,732 F.2d 1456, 1458 (6th Cir. 1984). Therefore, this court shall follow the federal courts' holdings and include guardians ad litem within the category of court appointed persons entitled to judicial immunity.
For the foregoing reasons, the defendant's motion to dismiss is granted based on lack of subject matter jurisdiction because the defendant, as a court appointed guardian ad litem, is entitled to absolute judicial immunity.
BY THE COURT
 ___________________ Skolnick, J.