TOWN OF CANTON *v.* CADLE PROPERTIES
OF CONNECTICUT, INC.
(AC 34439)

Lavine, Robinson and Harper, Js.

Argued March 6—officially released September 10, 2013

*Eric H. Rothauser*, with whom were *John L. Bonee III* and, on the brief, *Jay B. Weintraub* and *Lee B. Ross*, for the appellant (intervening defendant M&S Associates, LLC).

*Daniel J. Krisch*, with whom was *Kenneth R. Slater, Jr.*, for the appellee (plaintiff).

LAVINE, J. This appeal concerns the scope of authority of a receiver of rents appointed pursuant to General Statutes § 12-163a, entitled: "Receivership of rents for the collection of delinquent taxes." The intervening

defendant, M&S Associates, LLC (tenant),[1] appeals from the judgment of the trial court denying its motion to remove the receiver of rents, Boardwalk Realty Associates, LLC (receiver). On appeal, the tenant claims that the court (1) lacked subject matter jurisdiction to appoint the receiver and (2) improperly denied its motion to remove the receiver because the court had exceeded its authority under § 12-163a. The plaintiff, the town of Canton (town), contends that this court lacks jurisdiction to consider the tenant's appeal because the denial of a motion to remove a receiver is not an appealable final judgment. We conclude that subject matter jurisdiction lies in this court, and that although the trial court properly appointed the receiver, it improperly expanded the receiver's authority beyond the scope of § 12-163a. We reverse in part the judgment of the trial court.[2]

The following procedural history and facts as disclosed by the record are relevant to this appeal. The defendant, Cadle Properties of Connecticut, Inc. (Cadle), is the owner of real property known as 51 Albany Turnpike in Canton (property).[3] On April 26, 2001, pursuant to § 12-163a, the town filed a petition seeking the appointment of a receiver of rents. The petition alleged that Cadle had failed to pay real property taxes due the town in the amount of $362,788.59, plus interest and lien penalties totaling $884,263.04. The town also alleged that the property is occupied by an automobile dealership owned by the tenant, doing business as Mitchell Volkswagen, which has a legal obligation to pay either rents or reasonable use and occupancy fees to Cadle.[4] The court issued an order to show cause

[1] M&S Associates, LLC, was formerly known as M&S Gateway Associates, LLC.

[2] The defendant Cadle Properties of Connecticut, Inc., the owner of the property at issue in this appeal, and the receiver are not parties to this appeal.

[3] Cadle did not appear in the trial court.

[4] For purposes of brevity, we use the term rents in this opinion to include use and occupancy fees.

directing Cadle to appear in court on May 23, 2011. The court did not order that the tenant be served with the show cause order or otherwise provided with notice of the show cause hearing.

On June 23, 2011, the court found that Cadle owed the town taxes in the amount of $358,220.04. It appointed the receiver and issued orders with respect to the receivership. On September 27, 2011, the tenant filed a motion to intervene. On October 14, 2011, the receiver filed a motion to modify the receivership orders issued by the court (motion to modify). In its motion to modify, the receiver asked the court to find the amount of taxes due to be $495,800.51; to grant the receiver authority to evict the tenant in the event of a default on any written or oral lease; to find a new tenant; and to use all legal process to collect back rents due and owing. The court granted the motion to modify absent objection on October 14, 2011. On December 2, 2011, the court granted the tenant's September 27, 2011 motion to intervene.

On January 20, 2012, the tenant filed a motion for reconsideration of the petition for the appointment of a receiver of rents and the motion to modify (motion for reconsideration). In its motion for reconsideration, the tenant represented that the receiver had grossly exceeded its authority under § 12-163a by serving it with a notice to quit and by bringing an improper action to collect back taxes and prior rents. The tenant represented that it first became aware of the receivership on September 12, 2011, when counsel for the receiver imposed deadlines and demanded payment for prior rents and threatened the tenant with immediate eviction. The tenant also represented that on December 7, 2011, the receiver served notice on it of an application for a prejudgment remedy in which the receiver claimed due all past taxes and rents from February 1, 2000, through September 1, 2011. The tenant claimed that the

receiver had exceeded its authority under § 12-163a by seeking past due taxes from the tenant, as it has never owned the property, and by serving it with a notice to quit on the basis of rents allegedly due prior to the receiver's appointment. The court denied the motion for reconsideration but ordered that "[i]f the [tenant] has evidence that the receiver has acted beyond the scope of the court order of appointment, then it may file a motion for removal. Any such order must be specific as to what actions it is based upon and address any portion of the order which may cover such actions."

On February 1, 2012, the tenant filed a motion to remove the receiver (motion to remove) in which the tenant repeated many of the representations made in its motion for reconsideration. In addition, the tenant represented that on September 25, 2011, the receiver served a notice to quit instructing the tenant to quit the property on or before September 29, 2011, and again claimed that the receiver lacked authority to do so pursuant to § 12-163a. The tenant claimed that the receiver exceeded its authority under § 12-163a by serving a notice to quit on the basis of nonpayment of rent due prior to the receiver's appointment. The tenant further represented that the receiver filed an application for a prejudgment remedy in which it claimed due all taxes and rents from February 1, 2000, through September 1, 2011, in violation of § 12-163a. The court heard argument on the motion to remove on February 14, 2012.

Following the hearing and receipt of briefs from the tenant and the town, the court denied the motion to remove and issued the following order. "The court does not accept the tenant's interpretation of the phrase in . . . § 12-163a 'collect all rents . . . forthcoming from the occupants . . . in place of the owner' as meaning only 'collect all rental payments coming due in the future'. Neither the [case law] nor the cited legislative

history support[s] such an interpretation. The [court-appointed] receiver acts in the stead of the owner and the owner would not be constrained from collecting owed back rent . . . . This receiver may seek the eviction of any [nonpaying] tenant through legal process. To hold otherwise would vitiate the purpose of the statute. [However, the] court's order, as [modified], does not authorize the receiver to collect any back taxes owed by the tenant. The court expects its appointed receiver to use all reasonable efforts to reach a fair repayment schedule with the tenant." Thereafter, the tenant appealed to this court.

## I

We first address the town's claim that this court lacks jurisdiction to hear the tenant's appeal. We disagree.

A claim regarding subject matter jurisdiction is a question of law and is given plenary review. See *State v. Sunrise Herbal Remedies, Inc.*, 296 Conn. 556, 567, 2 A.3d 843 (2010).

Pursuant to General Statutes § 52-263, this court is a court of limited jurisdiction and may hear appeals taken from final judgments. "Subject matter jurisdiction [implicates] the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The objection of want of jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention. . . . The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC v. New London*, 265 Conn. 423, 429–30, 829 A.2d 801 (2003). "The lack of a final

judgment is a jurisdictional defect that mandates dismissal." (Internal quotation marks omitted.) *Lord* v. *Mansfield*, 50 Conn. App. 21, 25, 717 A.2d 267, cert. denied, 247 Conn. 943, 723 A.2d 321 (1998).

The town claims that this court lacks jurisdiction to hear the tenant's appeal, arguing that the appeal is interlocutory in nature and fails the test permitting interlocutory appeals pursuant to *State* v. *Curcio*, 191 Conn. 27, 463 A.2d 566 (1983). "An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Id., 31. We conclude that this matter is an appealable final judgment under either prong of *Curcio*. The court's appointment of a receiver terminated a separate and distinct proceeding, and also concluded the rights of the town and Cadle as to a receivership and no further proceeding could affect them.

On June 23, 2011, following a show cause hearing, the court determined the amount of taxes Cadle owed the town, appointed the receiver, and issued orders pertaining to the receivership. "The sole purpose of such a hearing shall be to determine whether there is an amount due and owing between the owner, agent, lessor or manager and the municipality. . . ." General Statutes § 12-163a (a). The nature of the town's remedy is summary. See *Hartford Electric Light Co.* v. *Tucker*, 35 Conn. Supp. 609, 614, 401 A.2d 454, cert. denied, 176 Conn. 765, 394 A.2d 202 (1978).[5] The court thus resolved all of the issues the town alleged in the petition, which terminated a separate and distinct proceeding between

---

[5] *Hartford Electric Light Co.* concerns the appointment of a receiver of rents pursuant to General Statutes § 16-262f; *Hartford Electric Light Co.* v. *Tucker*, supra, 35 Conn. Supp. 612; a statute with a purpose and design similar to that of § 12-163a. See footnotes 12 and 19 of this opinion.

the town and Cadle and concluded the rights between them as to the appointment of a receiver of rents. The court's appointment of a receiver therefore was a final judgment. See *Metropolitan District* v. *Housing Authority*, 12 Conn. App. 499, 502–503, 531 A.2d 194 (final judgment analysis pertaining to statutory receiver of rents), cert. denied, 205 Conn. 814, 533 A.2d 568 (1987).

Subsequently, however, the receiver filed a motion to modify, which the court granted on October 25, 2011. By granting the motion to modify, the court in essence opened the judgment and rendered a modified judgment comprised of its June 23 and October 25, 2011 judgments.[6] Although the tenant had filed a motion to intervene in September, 2011, the court did not grant the motion until December, 2011. Thereafter, the tenant filed a motion to remove the receiver challenging the propriety of the court's modified judgment. The motion to remove the receiver was the functional equivalent of a motion to open the judgment. The denial of a motion to open a judgment is an appealable final judgment. See *Mailly* v. *Mailly*, 13 Conn. App. 185, 188, 535 A.2d 385 (1988).

In support of its claim that this court lacks jurisdiction, the town cites several cases in which our Supreme Court has held that neither the appointment of nor the refusal to remove a receiver of rents is an appealable final judgment. Those cases are distinguishable, however, because they involved either foreclosure or personal injury actions in which the appointment of a receiver of rents was an equitable remedy ancillary to

---

[6] The town cites *More* v. *Western Connecticut Title & Mortgage Co.*, 129 Conn. 464, 29 A.2d 450 (1942), for the claimed proposition that a trial court's instructions to a receiver are not appealable. That case concerns a bankruptcy receivership and the trial court's comments regarding the priorities of claims for which there was no evidence. Id., 467–68.

the civil action.[7] In this case, the receiver was appointed pursuant to § 12-163a, the sole purpose of which is to appoint a receiver to collect rent to pay municipal taxes found owing. Once the court found that Cadle owed the town taxes and appointed the receiver, the action was concluded. We note, moreover, that the denial of a motion to remove a receiver is properly raised in an appeal from a final judgment of foreclosure. *Silver* v. *Kingston Realty Corp.*, 114 Conn. 349, 350 n.*, 158 A. 889 (1932). The tenant therefore has raised its claim that the court improperly denied its motion to remove the receiver in an appeal from a final judgment, and this court may consider it.

II

In its appeal, the tenant claims that the court (1) lacked subject matter jurisdiction over the town's petition to appoint a receiver pursuant to § 12-163a because the tenant did not receive notice of the action, and (2) improperly denied the motion to remove the receiver because the court exceeded its authority by granting the receiver permission to evict the tenant, secure a new tenant, and bring an action against the tenant for all rents due, including back rents allegedly owed. We conclude that the court had jurisdiction to consider the town's petition, but that it improperly granted the receiver authority beyond what is permitted by § 12-163a.

The tenant's claims concern the construction of § 12-163a, which present questions of law.[8] We exercise plenary review over questions of law. *Gianetti* v. *Rutkin*, 142 Conn. App. 641, 650, 70 A.3d 104 (2013).

---

[7] The town relies on the following cases to support its position: *Hartford Federal Savings & Loan Assn.* v. *Tucker*, 192 Conn. 1, 3, 469 A.2d 778 (1984), and *Silver* v. *Kingston Realty Corp.*, 114 Conn. 349, 350–51, 158 A. 889 (1932), which involved foreclosure actions, and *Young* v. *Polish Loan & Industrial Corp.*, 126 Conn. 714, 715, 11 A.2d 395 (1940), which involved a personal injury action.

[8] General Statutes § 12-163a (a) provides in relevant part: "Any municipality may petition the Superior Court . . . for appointment of a receiver of

"The process of statutory interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case, including the question of whether the language does so apply. . . . When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case . . . . In seeking to determine that meaning, [we first consider] the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Cornelius* v. *Rosario*, 138 Conn. App. 1, 8, 51 A.3d 1144, cert. denied, 307 Conn. 934, 56 A.3d 713 (2012). "The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Internal quotation

---

the rents or payments for use and occupancy for any property for which the owner . . . is delinquent in the payment of real property taxes. The court . . . shall forthwith issue an order to show cause why a receiver should not be appointed, which shall be served upon the owner . . . and other parties with an interest in the rents . . . in a manner most reasonably calculated to give notice to such owner . . . and other parties with an interest in the rents . . . as determined by such court . . . including, but not limited to, a posting of such order on the premises in question. A hearing shall be had on such order . . . . The sole purpose of such a hearing shall be to determine whether there is an amount due and owing between the owner . . . and the municipality. The court shall make a determination of any amount due and owing and any amount so determined shall constitute a lien upon the real property of such owner. . . . The receiver appointed by the court shall collect all rents . . . *forthcoming* from the occupants of the building in question in place of the owner . . . . The receiver shall make payments from such rents . . . first for taxes due on and after the date of his appointment and then for electric, gas, telephone, water or heating oil supplied on and after such date. . . . Any moneys remaining thereafter shall be used to pay the delinquent real property taxes . . . ." (Emphasis added.)

marks omitted.) *Felician Sisters of St. Francis of Connecticut, Inc.* v. *Historic District Commission*, 284 Conn. 838, 847, 937 A.2d 39 (2008).

A

The tenant first claims that the court lacked subject matter jurisdiction to consider the town's § 12-163a petition because it was not *served* with notice of the show cause order.[9] Although the statute directs that any party with an interest in the rents should be served with notice of the show cause hearing; see General Statutes § 12-163a (a); the failure to do so did not deprive the court of subject matter jurisdiction.[10]

"Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. . . . A court does not truly lack subject matter jurisdiction if it has competence to

[9] The tenant's claim is grounded in the following statutory language: "The court . . . shall forthwith issue an order to show cause why a receiver should not be appointed, which shall be served upon the owner . . . and *other parties with an interest in the rents* . . . in a manner most reasonably calculated to give notice to such owner . . . and other parties with an interest in the rents . . . as determined by such court . . . including, but not limited to, a posting of such order on the premises in question. . . ." (Emphasis added.) General Statutes § 12-163a (a).

[10] We need not determine whether the tenant is a party with an interest in the rents and thus entitled to notice. The cases, and thus the statutory bases, on which the tenant relies for the proposition that it should have been served with notice are distinguishable. Those cases concerned zoning appeals pursuant to General Statutes (Rev. to 1987) § 8-8 (b), which was revised pursuant to Public Acts 1988, No. 88-79, § 1, and Public Acts 1989, No. 89-356, § 1. See *Fedus* v. *Planning & Zoning Commission*, 278 Conn. 751, 762, 766, 900 A.2d 1 (2006). "A citation is a writ issued out of a Court of competent jurisdiction commanding a person therein named to appear on a day named to do something therein mentioned." (Internal quotation marks omitted.) *Simko* v. *Zoning Board of Appeals*, 205 Conn. 413, 420, 533 A.2d 879 (1987), superseded by statute on other grounds as stated in *Fedus* v. *Planning & Zoning Commission*, 278 Conn. 751, 763, 900 A.2d 1 (2006). "A citation is not synonymous with notice." (Internal quotation marks omitted.) *Fedus* v. *Planning & Zoning Commission*, supra, 760–61.

entertain the action before it. . . . Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action. . . . It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Citations omitted; internal quotation marks omitted.) *Amodio* v. *Amodio*, 247 Conn. 724, 727–28, 724 A.2d 1084 (1999).

The plain meaning of the first sentence of § 12-163a makes clear that the Superior Court has the authority to adjudicate the appointment of a receiver of rents for delinquent taxes pursuant to a municipality's petition: "Any municipality may petition the Superior Court . . . for appointment of a receiver of the rents . . . for any property for which the owner . . . is delinquent in the payment of real property taxes. . . ." General Statutes § 12-163a (a). The record demonstrates that the town filed a petition for the appointment of a receiver of rents on April 26, 2011. In its petition the town alleged that Cadle's taxes were delinquent. The trial court therefore had the authority to adjudicate the allegations of the petition and the power to appoint a receiver.

Even if the order to show cause did not order the tenant to appear for the show cause hearing, the court was not deprived of subject matter jurisdiction. "An improperly executed writ or citation does not . . . affect the subject matter jurisdiction of the trial court. As a defect in having the court acquire personal jurisdiction over the defendant, an improperly executed citation may be waived by the defendant. . . . A defendant may contest the personal jurisdiction of the court even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." (Internal quotation marks omitted.) *Brunswick* v. *Inland Wetlands Commission*,

222 Conn. 541, 551, 610 A.2d 1260 (1992). In any event, the court ultimately granted the tenant's motion to intervene. The tenant's claim that the court lacked subject matter jurisdiction fails.

## B

The tenant claims that the court exceeded its authority under § 12-163a by improperly denying the tenant's motion to remove the receiver because the court earlier exceeded its authority under § 12-163a by granting the receiver permission to evict the tenant, secure a new tenant, and to use all legal process to collect back rents allegedly due. We conclude that the court's initial appointment of the receiver was proper, and that the court therefore properly denied the motion to remove the receiver ab initio. We agree with the tenant, however, that the court improperly granted the motion to modify, and therefore the court should have granted the motion to remove to the extent that it sought to reverse the granting of the motion to modify. The court should have granted in part and denied in part the motion to remove.

Section 12-163a is a summary action[11] patterned on General Statutes § 16-262f.[12] The structure and the language of the two statutes are similar. See General Stat-

---

[11] Our Supreme Court has held that "the legislature may constitutionally provide for a receivership proceeding that is short, concise, peremptory and immediate." (Internal quotation marks omitted.) *Southern Connecticut Gas Co.* v. *Housing Authority*, 191 Conn. 514, 523, 468 A.2d 574 (1983).

[12] Representative Robert D. Godfrey of the 110th Assembly District in Danbury, the sponsor of the bill, Public Acts 1995, No. 95-353, § 1, Substitute House Bill No. 5331; stated: "You're hearing two bills this morning . . . . What they have in common is they both enable municipalities to use tools that other entities already have at their disposal. . . .

"The second bill, 5331, which authorizes municipalities to petition for a receiver of rents for the collection of delinquent property taxes . . . gives municipalities the same kind of power we currently give to utilities, which can petition for receivership of rent for back payment of electric, water, power, whatever." Conn. Joint Standing Committee Hearings, Planning and Development, Pt. 1, 1995 Sess., pp. 49–50; see footnote 8 of this opinion.

With respect to House Bill No. 5331, the "Report on Bills Favorably Reported by Committee" states: "Reasons for Bill: A need to provide every

utes §§ 12-163a and 16-262f.[13] Our Supreme Court has held that the statutory proceedings of § 16-262f are sui generis; *Southern Connecticut Gas Co.* v. *Housing Authority*, 191 Conn. 514, 518–20, 468 A.2d 574 (1983); and that the "wide-ranging equitable and discretionary principles that govern rent receiverships in ordinary mortgage foreclosure proceedings" do not apply. *Connecticut Light & Power Co.* v. *DaSilva*, 231 Conn. 441, 446, 650 A.2d 551 (1994). Section 12-163a also is sui generis in derogation of the common law. "[S]tatutes in derogation of common law should receive a strict construction and [should not] be extended, modified, repealed or enlarged in . . . scope by the mechanics of construction." (Internal quotation marks omitted.) *Williams Ford, Inc.* v. *Hartford Courant Co.*, 232 Conn. 559, 581, 657 A.2d 212 (1995). When construing a statute, we seek to give effect to the intent of the legislature. *Cornelius* v. *Rosario*, supra, 138 Conn. App. 8.

"When . . . a statutory provision is silent with respect to [the issue at hand], our analysis is not limited by [General Statutes] § 1-2z, which provides that the meaning of statutes shall be ascertained from only their text and their relationship to other statutes if those sources reveal an unambiguous meaning that is not absurd or unworkable." (Internal quotation marks omitted.) *Curry* v. *Allan S. Goodman, Inc.*, 286 Conn. 390, 407, 944 A.2d 925 (2008). "[O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent,

reasonable tool for municipalities to collect delinquent taxes from the landlords of rented buildings."

General Statutes § 16-262f is entitled, "Action for receivership of rents and common expenses by electric, electric distribution, gas and telephone companies; petition; hearing; appointment; duties; termination."

[13] See also General Statutes §§ 7-606 (neighborhood revitalization zones: receiver of rents) and 16-262t (action for receivership of rent and common expenses by water companies; petition; hearing; appointment; duties; termination), which similarly provide for the appointment of receivers of rent.

we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . Furthermore, it is an elementary rule of statutory construction that we must read the legislative scheme as a whole in order to give effect to and harmonize all of the parts. . . . When statutes relate to the same subject matter, they must be read together and specific terms covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling." (Citations omitted; internal quotation marks omitted.) *Coregis Ins. Co.* v. *Fleet National Bank*, 68 Conn. App. 716, 720, 793 A.2d 254 (2002).

We first look to the language of the statute to determine whether it is clear and unambiguous. *Felician Sisters of St. Francis of Connecticut, Inc.* v. *Historic District Commission*, supra, 284 Conn. 847–48. Pursuant to our construction of § 12-163a, we conclude that the language of the statute is clear and unambiguous as to the duties of both the court and the receiver, but that the phrase "collect *all rents . . . forthcoming* from the occupants"; (emphasis added) General Statutes § 12-163a (a); is *not* clear and unambiguous.

Section 12-163a has six subsections; only the first subsection is at issue here.[14] Section 12-163a (a) describes the manner in which a municipality may petition the court for the appointment of a receiver of

_____

[14] Only subsection (a) of § 12-163a is relevant to the issues before us in the appeal. The remaining subsections concern the termination of the receivership, the petitioner's right to pursue other remedies, contempt proceedings regarding an owner who interferes with the receiver's collection of rents, and the interplay of receivers of rent appointed pursuant to § 12-163a and other statutory causes of action. See General Statutes § 12-163a (b), (c), (d), (e) and (f).

rents for delinquent taxes on certain real property. The language of the statute is clear and unambiguous as to the responsibilities of the court and the receiver. The statute directs the court to issue a show cause order and to hold a show cause hearing within a specified period of time. The sole purpose of the hearing is to determine whether there is an amount due the municipality for taxes. The court shall make a determination of any amount due and appoint a receiver to collect rents in place of the owner. The court may order an accounting from the receiver. See General Statutes § 12-163a (a). The statute prescribes no further duties of the court.

Section 12-163a (a) also provides for the duties of a receiver: to collect all rents forthcoming for the property; to pay from such rents first taxes due on and after the receiver's appointment, then for electric, gas, telephone, water or heating oil supplied on and after said date.

In *Connecticut Light & Power Co.* v. *DaSilva*, supra, 231 Conn. 441, our Supreme Court held with respect to § 16-262f that once the trial court determines that the utility has demonstrated a default in payments, the utility is entitled to the appointment of a receiver of rents. Id., 446. The court has no discretion in the matter. "In light of the language, the acknowledged purpose and the sui generis nature of § 16-262f, the trial court was mistaken in its assumption that the appointment of a rent receiver for the protection of a utility is governed by the same wide-ranging equitable and discretionary principles that govern rent receiverships in ordinary mortgage foreclosure proceedings." Id., 446. The relevant language in § 12-163a (a) and § 16-262f[15]

---

[15] General Statutes § 16-262f (a) provides in relevant part: "(1) Upon default of the owner . . . [the utility company] . . . may petition the Superior Court . . . for appointment of a receiver of the rents . . . . The court . . . shall forthwith issue an order to show cause why a receiver should not be appointed . . . .

regarding the responsibilities of the court and the receiver is virtually identical. We therefore construe the similar language in § 12-163a in accord with *Connecticut Light & Power Co.* and conclude that the court has no discretion with regard to its authority under the statute to broaden the scope of the receiver's duties. We also conclude that the receiver's responsibilities are equally prescribed by the statute.

In its motion to modify the court's orders, the receiver sought permission to evict the tenant from the property in the event of default, to release the property, and to use all legal processes to collect back rent allegedly due. There is no language in § 12-163a authorizing the court to do anything more than issue a show cause order, hold a show cause hearing, determine whether Cadle owed the town taxes and, if so, the amount due, and to appoint a receiver of rents. Moreover, § 12-163a does not authorize a receiver to do more than collect rents that are to be used first to pay taxes due after the date of the receiver's appointment and then to pay for electric, gas, telephone, water or heating oil supplied on or after said date. Pursuant to § 12-163a (c), nothing in the statute prevents the town, but not the receiver, from pursuing other actions or remedies it may have against Cadle.[16] We conclude that because the court improperly granted the receiver's motion to modify, it should have granted the tenant's motion to remove the

"(2) A hearing shall be had on such order . . . . The sole purpose of such a hearing shall be to determine whether there is an amount due and owing between the owner . . . and the [utility company]. The court shall make a determination of any amount due and owing . . . .

"(3) The receiver appointed by the court shall collect all rents . . . forthcoming . . . .

"(4) The receiver shall pay the petitioner . . . from such rents . . . for [services] supplied on and after the date of his appointment. . . ."

[16] General Statutes § 12-163a (c) provides: "Nothing in this section shall be construed to prevent the petitioner from pursuing any other action or remedy at law or equity that it may have against the owner, agent, lessor or manager."

receiver to the extent that it sought to reverse the granting of the motion to modify.

The tenant also claims that the court improperly denied its motion to remove by concluding that the receiver may collect all rents whether allegedly due in the past or as they come due in the future. The town argues that the relevant language of the statute provides that "[t]he receiver appointed by the court shall collect all rents or payments for use and occupancy *forthcoming* from the occupants of the building in question in place of the owner . . . ." (Emphasis added.) General Statutes § 12-163a (a). The parties dispute the meaning of the word "forthcoming" and therefore whether the receiver may collect rents allegedly past due, as well as those coming due.[17] We agree that the statute is ambiguous as to the meaning of all rents forthcoming.[18] In keeping with the rules of statutory construction, "we must read the legislative scheme as a whole in order to give effect to and harmonize all of the parts." (Internal

[17] We decline to parse a dictionary definition of forthcoming as meaning "available when required or as promised"; see Webster's II New College Dictionary (2001 Ed.) p. 441; as the harmonized language of the statute indicates that forthcoming rents are rents payable on or after the date of the receiver's appointment.

[18] In denying the tenant's motion to remove, the trial court relied on *Bolton* v. *Mott*, Superior Court, judicial district of Tolland, Docket No. CV-04-4000167 S (October 21, 2004) (38 Conn. L. Rptr. 142), which held that a receiver of rents appointed pursuant to § 12-163a may collect *all* rents. The receiver has construed the "all rents" language of *Bolton* to include rent due prior to the receiver's appointment as well as rent that becomes due on or after the appointment. *Bolton* is factually distinguishable from this case.

In *Bolton*, the property owner only had income from "the rental income and from that amount she [paid] certain expenses related to the property as well as the living expenses for her and her two children." Id., 143. The owner opposed the appointment of a receiver of rents, or in the alternative, asked the court to apportion the rent between her and the receiver. Id., 145. The court in *Bolton* determined that the statute requires that the receiver collect all rents and that the rent may not be apportioned. The *Bolton* court did not address whether the receiver could collect rent due prior to the receiver's appointment, as the rent at issue was prospective only.

quotation marks omitted.) *Connecticut Light & Power Co.* v. *Dept. of Public Utility Control,* 216 Conn. 627, 636, 583 A.2d 906 (1990). We conclude that the receiver may collect only those rents that are forthcoming on or after the date of the receiver's appointment, not rents allegedly overdue.

In this case, the receiver sought to collect taxes it claimed the tenant had not paid since 2000; the tenant refused to pay the back taxes the receiver claimed were due. The tenant represented that the receiver filed an application for a prejudgment remedy in the amount of $2 million. The legislative history of § 12-163a indicates that the legislature intended to give municipalities the same tools and powers to collect delinquent taxes that were given to public utilities to collect on accounts in default pursuant to § 16-262f. See footnote 19 of this opinion. The legislative history reveals that the legislature did not intend the municipality to take the property from the owner as it may do in a tax foreclosure action. When speaking in support of the legislation, Representative Robert D. Godfrey stated in part: "[I]t's my opinion [that the bill] would enhance [the collection of taxes] because currently the only tool that a municipality has to go after back taxes is to foreclose on the property, which can be much more expensive for all parties involved and literally takes the property away from the landlord. This is something in between. It's a lesser step. It's a finer tool that gives the municipalities the ability to step in and take over the rent, to take over the property in lieu of taking the property and taking the ownership." Conn. Joint Standing Committee Hearings, Planning and Development, Pt. 1, 1995 Sess., p. 51.

Attorney Eric Gottschalk, Danbury corporation counsel, testified in support of the bill: "The statute provides that the receiver is responsible only for collection of the rent and payment of the bills in accordance with a

ranking. The other responsibilities that are attendant to home ownership remain with the landlord. . . . [I]f a court order is established appointing a receiver, the receiver will collect the rents and the property owner will be left to deal with all the other issues attendant to home ownership or property ownership."[19] Id., pp. 125–26.

Moreover, as stated previously, we are obliged to harmonize the various terms of the statute to arrive at a consistent and rational outcome. See, e.g., *State* v. *Tabone*, 292 Conn. 417, 433, 973 A.2d 74 (2009). The receiver is to collect rent as it is forthcoming to pay taxes due on and after the date of appointment and then to pay for electric, gas, telephone, water, and heating oil provided after said date. To harmonize the statute, if the receiver may only pay taxes and bills that are due

[19] Gottschalk also testified in part: "The proposed bill before you today provides yet another extremely, I think, extremely effective tool for collection of taxes. We've had some experience with receiverships over the last four or five years in my office in the context of the collection of utility bills. We in Danbury provide both public sewer and public water and, therefore, have the need to exercise whatever rights we have under the statute to collect those delinquencies as well. The benefit of receivership as opposed to alternatives [that] are available under the statutes now are many. Among them are the speed at which this process proceeds. I can go into court with a petition on a Friday, have a hearing the following week and at that hearing the judge, if convinced that an amount is due, will appoint a receiver. And that leads into another benefit, namely the limited scope of these hearings. The only issue before the court when the hearing occurs is whether or not an amount is due. If an amount is due, the municipality or in the current context the utility has the right to request the appointment of this third party to undertake the collection and the payment of these bills. . . .

"And there's one other dramatic difference between the receivership approach and the other available approaches that are in use now. And that is in the context of a foreclosure or in the context of a sale, the property is taken from the property owner. Here, the effort is to keep the property with the owner and correct the problem by collecting the rents. Clearly, it's not something that would apply everywhere. Not every property is rented. Not every property that's rented will generate the kind of money that's necessary to clear up the delinquency." Conn. Joint Standing Committee Hearings, supra, pp. 124–25.

on or after the date of appointment, a consistent or harmonious construction of the statute demonstrates that a receiver may only collect taxes that are forthcoming on or after the date of the receiver's appointment. Although the town contends that the tenant has not paid rent for years because the owner is nowhere to be found, that claim has not been adjudicated and § 12-163a does not provide for such a determination.

For the foregoing reasons, we conclude that the court improperly granted the receiver's motion to modify because it lacked authority to do so under § 12-163a, and therefore the court should have granted the tenant's motion to remove to the extent that it encompassed the motion to modify. We conclude, however, that the court's initial appointment of the receiver was proper under § 12-163a and that it properly denied the motion to remove to the extent that the tenant sought the removal of the receiver ab initio.

The judgment is reversed in part and the case is remanded with direction to deny the receiver's motion to modify the receivership orders; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

