349 Conn. 483 JUNE, 2024 483

Wahba *v.* JPMorgan Chase Bank, N.A.

SUSANNE P. WAHBA *v.* JPMORGAN
CHASE BANK, N.A.
(SC 20807)

Robinson, C. J., and McDonald, D'Auria, Mullins,
Ecker, Alexander and Dannehy, Js.

*Syllabus*

The plaintiff appealed to the Appellate Court from the judgment of the trial
court, which had rendered a judgment of strict foreclosure in favor of
the defendant bank. The Appellate Court subsequently affirmed the trial
court's judgment and remanded the case for the setting of new law days.
On remand, the plaintiff objected to the defendant's motion to reset the
law days, claiming that the judgment of strict foreclosure did not account
for the substantial increase in property values that had occurred during
the pendency of the appeal. The plaintiff sought, inter alia, a determina-
tion by the trial court regarding whether a foreclosure by sale would
be appropriate at that point in light of the increase in the value of the
subject property. The trial court concluded, however, that it had no
authority to revisit the merits of the strict foreclosure judgment, as it
was bound by the Appellate Court's rescript order requiring the setting
of new law days. The plaintiff then filed a second appeal with the
Appellate Court, claiming that the trial court had incorrectly determined
that it had no authority on remand to order a foreclosure by sale. The
Appellate Court affirmed, concluding that the plaintiff's claim was barred
by the court's earlier decision in *Connecticut National Bank* v. *Zucker-
man* (31 Conn. App. 440), in which it held that, when an appellate court
affirms a judgment of strict foreclosure and remands to the trial court
for the setting of new law days, the trial court has no authority on remand
to deviate from the appellate court's remand order. The Appellate Court
also concluded that, even if a trial court had the authority to order a
foreclosure by sale, the plaintiff failed to file a motion to open the
judgment for such a purpose or to adduce evidence that a judgment of
strict foreclosure, rather than a judgment of foreclosure by sale, would
have resulted in a substantial windfall for the defendant. On the granting
of certification, the plaintiff appealed to this court. *Held*:

1. The defendant could not prevail on its claim, as an alternative ground
for affirming the Appellate Court's judgment, that the doctrine of res
judicata barred the trial court from entertaining the plaintiff's request
that the court modify the judgment of strict foreclosure and order a
foreclosure by sale:

There was support in the case law for the conclusion that, when law
days have passed and the trial court must reset them, the parties to the
foreclosure proceedings are not barred from seeking updated findings

Wahba *v.* JPMorgan Chase Bank, N.A.

on the amount of the debt and the value of the subject property, or from requesting a foreclosure by sale in lieu of strict foreclosure if the updated findings warrant it, and the Appellate Court also had recently suggested in dictum in *U.S. Bank National Assn.* v. *Rago* (216 Conn. App. 200) that, in such circumstances, sound policy reasons weigh in favor of allowing a trial court to consider whether it should order a foreclosure by sale without regard to whether doing so would run afoul of res judicata principles.

Because a judgment of strict foreclosure is uniquely susceptible to becoming ineffective and stale over the course of time, insofar as the amount of the mortgage debt can change and property values can fluctuate, and because foreclosure is peculiarly an equitable action, this court deemed it necessary, in cases in which an appellate court has affirmed a judgment of strict foreclosure and remanded for the setting of new law days, for a trial court to make a new finding as to the amount of the debt so that the parties know what the mortgagor must pay to redeem the property, at least in the absence of any contrary direction by the appellate court.

In such cases, equity demands that the trial court ascertain the current value of the subject property in order to determine whether strict foreclosure would result in a potential windfall to the mortgagee, and, if such a potential windfall exists, equity also demands that the trial court exercise its discretion and decide whether to modify the form of the judgment and to order a foreclosure by sale, and these practical and equitable considerations outweigh the interests in finality and repose that underlie the doctrine of res judicata.

2. The Appellate Court incorrectly concluded that the trial court lacked authority to entertain the plaintiff's request that the trial court modify the judgment of strict foreclosure and order a foreclosure by sale:

When, as in the present case, the claim on appeal from the judgment of strict foreclosure is not that the trial court had abused its discretion by ordering a strict foreclosure but, rather, that the trial court improperly had rendered a judgment of foreclosure in any form, there is no reason to conclude that a reviewing court's affirmance of the judgment of strict foreclosure and remand for the setting of new law days reflect an intent to prohibit a foreclosure by sale if such a modification is warranted by new findings as to the value of the subject property.

Accordingly, in the absence of any evidence that a reviewing court's remand order reflects an actual intent to limit the trial court's equitable discretion to modify the form of the judgment of foreclosure, an order remanding the case with direction to set new law days merely embodies a rebuttable presumption that the original form of the foreclosure judgment should stand, and that presumption may be rebutted if the trial court,

Wahba *v.* JPMorgan Chase Bank, N.A.

upon an adequately supported request by a party, makes new findings warranting a foreclosure by sale.

To the extent that the Appellate Court in *Connecticut National Bank* v. *Zuckerman* held that an appellate court's order affirming a judgment of strict foreclosure and remanding the case to the trial court for the purpose of setting new law days precludes the trial court from opening the judgment and ordering a foreclosure by sale, it was hereby overruled.

In the present case, the Appellate Court's affirmance of the judgment of strict foreclosure and remand for new law days did not strip the trial court of authority to order a foreclosure by sale when the plaintiff sought such a modification, and the plaintiff was not required to ask the Appellate Court to reconsider and modify the form of its remand order before asking the trial court to consider modifying the judgment and ordering a foreclosure by sale.

This court nevertheless noted that an appellate court that has affirmed a judgment of strict foreclosure and remanded the case to the trial court for the setting of new law days may, in appropriate cases, indicate in its remand order that the trial court should not modify the form of the original judgment, even under circumstances in which the equity in the property is significantly greater than the amount of the debt, such as in the case of a frivolous appeal filed by the mortgagor solely for the purpose of delay, and, if an appellate court so indicates, the trial court would lack authority to entertain, on remand, a request for a foreclosure by sale.

3. The Appellate Court incorrectly concluded that, even if the trial court had the authority on remand to order a foreclosure by sale, the plaintiff was required to file a motion to open the judgment of strict foreclosure and to present evidence that the value of the subject property had substantially increased since the date of the original judgment before the trial court could exercise that authority:

The Appellate Court had held in a prior decision that a remand in a foreclosure appeal with direction to set new law days is the functional equivalent of an order to open the judgment, the defendant in the present case did not move to open the judgment before asking the trial court to reset the law days, presumably because it believed that there was no need for such a motion in light of the Appellate Court's remand order, and, thus, there also was no need for the plaintiff to move to open the judgment before the trial court could entertain her request to order a foreclosure by sale.

Moreover, the plaintiff made an adequate proffer to support her request that the trial court order the defendant to provide an updated amount of the debt owed and a property appraisal, and, if warranted by the new information obtained, a foreclosure by sale, as the plaintiff represented

Wahba *v.* JPMorgan Chase Bank, N.A.

in her objection to the defendant's motion to reset the law days that the original appraisal was almost four years old, that property values had increased dramatically in the area of the subject property, and that the estimated current value of the subject property was approximately $2 million greater than the amount of the debt owed.

Furthermore, the plaintiff's representations in her objection to the defendant's motion to reset the law days were sufficient to establish the need for a hearing at which the parties could offer evidence to establish the value of the subject property, and the plaintiff was not required to prove that the value of the property had increased before she could request an evidentiary hearing on that issue.

Argued December 18, 2023—officially released June 25, 2024

*Procedural History*

Action to recover damages for the defendant's alleged unfair trade practices, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the defendant filed a counterclaim; thereafter, the plaintiff's claim was tried to the jury before *Povodator, J.*; verdict for the defendant; subsequently, the counterclaim was tried to the court; judgment for the defendant on the complaint and on the counterclaim, from which the plaintiff appealed to the Appellate Court, *Lavine*, *Alvord* and *Harper, Js.*, which dismissed the appeal in part and remanded the case to the trial court for the purpose of setting new law days; thereafter, the court, *Hon. Kenneth B. Povodator*, judge trial referee, rendered judgment of strict foreclosure, and the plaintiff appealed to the Appellate Court, *Elgo*, *Moll* and *Suarez, Js.*, which affirmed the trial court's judgment and remanded the case to the trial court for the purpose of setting new law days, and the plaintiff, on the granting of certification, appealed to this court. *Reversed*; *further proceedings*.

*Thomas P. Willcutts*, for the appellant (plaintiff).

*Brian D. Rich*, for the appellee (defendant).

Wahba *v.* JPMorgan Chase Bank, N.A.

*Opinion*

D'AURIA, J. The primary issue before us in this appeal is whether, after an appellate court has affirmed a trial court's judgment of strict foreclosure and remanded the case to the trial court to set new law days, the trial court has authority to open that judgment and render instead a judgment of foreclosure by sale based on changed market conditions. The Appellate Court, in the second appeal taken in this case, answered this question in the negative and further concluded that, even if the trial court had such authority, the plaintiff, Susanne P. Wahba, did not provide an adequate evidentiary foundation for her request that the court consider ordering a foreclosure by sale. See *Wahba* v. *JPMorgan Chase Bank, N.A.*, 216 Conn. App. 236, 239–40, 283 A.3d 1095 (2022) (*Wahba II*). We granted the plaintiff's petition for certification to appeal to this court from these rulings. See *Wahba* v. *JPMorgan Chase Bank, N.A.*, 346 Conn. 912, 289 A.3d 597 (2023).[1] We conclude that, contrary to the contention of the defendant, JPMorgan Chase Bank, N.A., the doctrine of res judicata did not bar the trial court from entertaining the plaintiff's request that the trial court consider ordering a foreclosure by sale instead of simply resetting the law days. We further conclude

[1] We certified the following two issues for appeal: "1. Did the Appellate Court properly uphold the trial court's determination that the trial court was precluded on remand from ordering a foreclosure by sale after the Appellate Court had previously affirmed a judgment of strict foreclosure and remanded the case to the trial court 'solely for the purpose of setting new law days.' *Wahba* v. *JPMorgan Chase Bank, N.A.*, 200 Conn. App. 852, 869, 241 A.3d 706 (2020), cert. denied, 336 Conn. 909, 244 A.3d 562 (2021)?

"2. If the answer to the first question is 'no,' did the Appellate Court correctly conclude that the plaintiff nonetheless could not prevail on appeal because, after remand, she did not file a motion to open the judgment to request a foreclosure by sale and failed to preserve her claim on appeal because she did not provide the trial court with an evidentiary foundation to support her argument that the market value of the property had increased in value by more than $2 million since the judgment of strict foreclosure was rendered?" *Wahba* v. *JPMorgan Chase Bank, N.A.*, supra, 346 Conn. 912.

that the Appellate Court incorrectly determined that (1) its remand order directing the trial court to set new law days deprived the trial court of authority to entertain the plaintiff's request, and (2) even if the trial court had such authority, the plaintiff's request was not supported by an adequate evidentiary foundation. We therefore reverse the judgment of the Appellate Court.

The record reveals the following undisputed facts and procedural history. In 2003, the plaintiff obtained a loan from Washington Mutual that was secured by a mortgage on property located at 111 Byram Shore Road in Greenwich (property). See *Wahba* v. *JPMorgan Chase Bank, N.A.*, 200 Conn. App. 852, 855, 241 A.3d 706 (2020) (*Wahba I*), cert. denied, 336 Conn. 909, 244 A.3d 562 (2021). The defendant acquired the loan from Washington Mutual in 2008. Id., 856.

The plaintiff later sought a loan modification. It was her failed efforts to obtain that modification that led to this action alleging that the defendant had engaged in deceptive and unfair trade practices in violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. Id. The defendant counterclaimed to foreclose the mortgage. Id., 854 n.1. The parties tried the CUTPA claim to a jury, which returned a verdict in the defendant's favor. Id., 856–57. They tried the foreclosure counterclaim to the court on October 26, 2017. On June 28, 2018, the court issued a memorandum of decision, concluding that the defendant was entitled to a judgment of foreclosure and ordering a hearing on the issues of attorney's fees and whether the court should order a strict foreclosure or a foreclosure by sale. That hearing was held on July 30, 2018. The court issued a supplemental memorandum of decision on November 28, 2018, rendering a judgment of strict foreclosure. The court determined that, as of the date of trial, October 26, 2017, the fair market value of the property was $6,700,000, that, as of November 27,

Wahba *v.* JPMorgan Chase Bank, N.A.

2018, the outstanding mortgage debt was $6,179,199.57, and that the defendant was entitled to fees and expenses in the amount of $121,305.80.

The plaintiff appealed to the Appellate Court, challenging the verdict on her CUTPA claim and the judgment of strict foreclosure. Id., 854 n.1, 857. The Appellate Court upheld the verdict on the CUTPA claim, affirmed the judgment of strict foreclosure and remanded the case to the trial court "solely for the purpose of setting new law days." Id., 869. The plaintiff then moved for reconsideration, requesting that the Appellate Court reconsider its ruling that the trial court properly had barred her from presenting certain evidence at trial. The Appellate Court denied the motion.

On remand, the defendant moved the trial court to reset the law days. See *Wahba* v. *JPMorgan Chase Bank, N.A.*, supra, 216 Conn. App. 238. The plaintiff objected, arguing that the original judgment of strict foreclosure did "not take into account the steep rise in Connecticut property values that has occurred since the court determined to enter a judgment of strict foreclosure, rather than a foreclosure by sale.[2] The steep rise in property values has been most dramatic for high-end shoreline properties, which describes the [plaintiff's] property . . . ." (Footnote added; internal quotation marks omitted.) Id. The plaintiff requested that the court require the defendant to file a motion to open the judgment and to provide an updated appraisal and updated debt figures to allow the court to determine whether a foreclosure by sale would be appropriate. Id. The court concluded that, under *Rizzo Pool Co.* v. *Del Grosso*, 240 Conn. 58, 689 A.2d 1097 (1997), it was bound by the Appellate Court's rescript order in *Wahba I*, requiring

_____

[2] When the plaintiff filed her objection, almost four years had elapsed since the original appraisal and almost three years had elapsed since the date that the trial court ordered a strict foreclosure.

Wahba *v.* JPMorgan Chase Bank, N.A.

it to set new law days. See *Wahba* v. *JPMorgan Chase Bank, N.A.*, supra, 216 Conn. App. 238–29; see also *Rizzo Pool Co.* v. *Del Grosso*, supra, 65 ("[i]t is the duty of the trial court on remand to comply strictly with the mandate of [an] appellate court according to its true intent and meaning" (internal quotation marks omitted)). Accordingly, the court denied the plaintiff's request and granted the defendant's request to reset the law days. See *Wahba* v. *JPMorgan Chase Bank, N.A.*, supra, 216 Conn. App. 240.

The plaintiff moved the trial court for reargument and reconsideration, contending that *Rizzo Pool Co.* did not prohibit the court from exercising its discretion to render an equitable decision in a foreclosure proceeding. She also requested that the court take judicial notice that Zillow Group, Inc. (Zillow),[3] estimated the current value of the property at $8,817,600, approximately $2 million more than the appraisal the court had relied on when it rendered the judgment of strict foreclosure. She also represented that, even after adding an additional three years of interest to the 2018 debt amount, the current estimated value of the property was approximately $2 million greater than the debt. The trial court denied the motion, again noting that it had no authority to revisit the merits of the strict foreclosure judgment in light of the Appellate Court's rescript remanding the case solely for the purpose of setting new law days. The court also noted that the plaintiff had not sought to expand the scope of the remand order in her motion for reconsideration of the Appellate Court's decision.

The plaintiff appealed again to the Appellate Court, claiming that the trial court had incorrectly determined

---

[3] Zillow is an online real estate marketplace website that offers comprehensive real estate market data, including estimated values of real property. See *Pickett Fence Preview, Inc.* v. *Zillow, Inc.*, Docket No. 22-2066-cv, 2023 WL 4852971, *1 (2d Cir. July 31, 2023).

Wahba *v.* JPMorgan Chase Bank, N.A.

that it had no authority on remand to order a foreclosure by sale. See id., 238. The Appellate Court rejected the claim for two reasons. First, it concluded that the claim was barred by its decision in *Connecticut National Bank* v. *Zuckerman*, 31 Conn. App. 440, 441, 624 A.2d 1163 (1993), which held that, when an appellate court has affirmed a judgment of strict foreclosure and remanded the case for the setting of new law days, the "trial court cannot deviate from the directions given by the appellate court." (Internal quotation marks omitted.) *Wahba* v. *JPMorgan Chase Bank*, *N.A.*, supra, 216 Conn. App. 240. Second, the Appellate Court concluded that, even if the trial court had authority to order a foreclosure by sale, the plaintiff neither moved to open the judgment for such a purpose nor preserved her claim by providing the trial court with evidence that a judgment of strict foreclosure would result in a windfall of more than $2 million to the defendant. See id. Accordingly, the Appellate Court affirmed the trial court's judgment and again remanded the case to set new law days. See id.

The plaintiff then filed this certified appeal challenging the Appellate Court's conclusions. The defendant claims as an alternative ground for affirmance that, even if the Appellate Court's rescript in *Wahba I* did not deprive the trial court of its authority to entertain a request for a judgment of foreclosure by sale on remand, the trial court was barred from doing so by the doctrine of res judicata.[4] Relatedly, the defendant

_____

[4] The defendant did not expressly characterize this claim as an alternative ground for affirmance and did not file a preliminary statement identifying the issue pursuant to Practice Book § 63-4 (a) (1) (A). Nevertheless, the defendant raised the claim in its brief to the Appellate Court, as well as in its brief to this court, and the plaintiff has responded to the claim in her reply brief. "Given the fact that neither party would be prejudiced by our doing so, we treat [this claim] as if [it] had been properly raised as . . . [an alternative ground] for affirmance." (Internal quotation marks omitted.) *Gerardi* v. *Bridgeport*, 294 Conn. 461, 466, 985 A.2d 328 (2010).

Wahba *v.* JPMorgan Chase Bank, N.A.

contends that the plaintiff had to appeal from the original judgment of strict foreclosure before the Appellate Court could authorize the trial court to modify the judgment and order a foreclosure by sale. We conclude that the doctrine of res judicata did not bar the trial court from modifying the judgment, that the Appellate Court's remand order did not deprive the trial court of its authority to do so, and that the plaintiff adequately raised and preserved her claim that the trial court had such authority. We therefore reverse the judgment of the Appellate Court.

I

Because the defendant's claim that the doctrine of res judicata barred the trial court from modifying the judgment of strict foreclosure and ordering a foreclosure by sale is potentially dispositive and has some bearing on our analysis of the plaintiff's claims on appeal, we address it first. We conclude that, under the circumstances of the present case, the doctrine of res judicata did not bar the trial court from entertaining the plaintiff's request on remand that it order a foreclosure by sale.

"[T]he doctrine of res judicata provides that [a] judgment is final not only as to every matter which was offered to sustain the claim, *but also as to any other admissible matter which might have been offered for that purpose.* . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." (Emphasis in original; internal quotation marks omitted.) *Weiss* v. *Weiss*, 297 Conn. 446, 463, 998 A.2d 766 (2010). The doctrine provides that "[a] valid, final judgment rendered on the merits by a court of competent jurisdiction is an absolute bar to a subsequent action between the same par-

Wahba *v.* JPMorgan Chase Bank, N.A.

ties . . . upon the same claim or demand.'' (Internal quotation marks omitted.) Id., 459.

''Because [res judicata is a] judicially created [rule] of reason that [is] enforced on public policy grounds . . . we have observed that whether to apply [the] doctrine in any particular case should be made based upon a consideration of the doctrine's underlying policies, namely, the interests of the defendant and of the courts in bringing litigation to a close . . . and the competing interest of the plaintiff in the vindication of a just claim. . . . These [underlying] purposes are generally identified as being (1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose by preventing a person from being harassed by vexatious litigation.'' (Citation omitted; internal quotation marks omitted.) Id., 460. The doctrine is ''flexible and must give way when [its] mechanical application would frustrate other social policies based on values equally or more important than the convenience afforded by finality in legal controversies.'' (Internal quotation marks omitted.) Id.

Our analysis must begin by examining the unusual status of a judgment of strict foreclosure when execution of that judgment has been stayed pending appeal pursuant to Practice Book § 61-11 and the original law days have passed. On the one hand, this court has held that, when law days have passed ''[b]ecause of delays incident to the legal process of appeal, the judgment of the trial court [becomes] ineffective in an essential respect . . . .'' (Internal quotation marks omitted.) *RAL Management, Inc.* v. *Valley View Associates*, 278 Conn. 672, 683, 899 A.2d 586 (2006); see also *Bank of New York Mellon* v. *Francois*, 198 Conn. App. 885, 896, 234 A.3d 1089 (2020) (''[w]ithout the setting of law days, the time for redemption has not been limited and the parties' rights remain unconcluded as to that issue''

(internal quotation marks omitted)). On the other hand, the passing of the law days during an appellate stay does not deprive the judgment of all vitality, which would render the appeal moot. Cf. *RAL Management, Inc.* v. *Valley View Associates*, supra, 685 (opening of judgment of strict foreclosure to modify certain terms during pendency of appeal does not necessarily render judgment void and appeal moot). Instead, even when an appellate court affirms the judgment of strict foreclosure, it must remand the case to the trial court to effectively render a new judgment. See id., 683 (when law days pass, "what is in effect a new judgment [becomes] necessary" (internal quotation marks omitted)); *L & R Realty* v. *Connecticut National Bank*, 53 Conn. App. 524, 548–49, 732 A.2d 181 ("One of the distinguishing features of a defendant's appeal from a judgment of strict foreclosure is that a remand to the trial court is almost always required, even if the appeal resulted in a finding of no error in the entry of the original judgment. Since the taking of an appeal stays the passing of the law days, once the appeal is concluded the trial court must once again act on the case and set new law days." (Internal quotation marks omitted.)), cert. denied, 250 Conn. 901, 734 A.2d 984 (1999); see also Practice Book § 17-10 ("[i]f a judgment fixing a set time for the performance of an act is affirmed on appeal by the Supreme Court and such time has elapsed pending the appeal, the judicial authority which rendered the judgment appealed from may, on motion and after due notice, modify it by extending the time"). Thus, after the law days have passed while an appellate stay is in effect, a judgment of strict foreclosure is effectively in limbo: although it is " 'ineffective in an essential respect,' " it retains sufficient vitality to prevent the appeal from becoming moot. *RAL Management, Inc.* v. *Valley View Associates*, supra, 683. The question that we must address in the present case is whether the judgment

has sufficient vitality to act as an absolute bar to the modification of any terms of the judgment other than the law days.

Although it is not directly on point, we find instructive this court's decision in *Hartford National Bank & Trust Co.* v. *Tucker*, 195 Conn. 218, 487 A.2d 528, cert. denied, 474 U.S. 845, 106 S. Ct. 135, 88 L. Ed. 2d 111 (1985). In *Tucker*, this court initially remanded the case to the trial court "for the setting of a new date for a public sale of the mortgaged premises and other formalities not inconsistent with our decision." Id., 220–21. On remand, the plaintiff moved for the setting of a new date for the public sale. Id., 221. The trial court conducted a hearing at which it ascertained the amount due on the mortgage and undertook an "extended inquiry into the value of the mortgaged premises . . . ." Id., 221–22. The court then set a new date for foreclosure by sale. Id., 222.

The defendant again appealed, claiming that the trial court had not followed the specific direction of this court's mandate. Id. This court concluded that, to the contrary, it was "proper for the trial court in the new judgment to confirm the original one in all respects *except as modification was made necessary by the delays incident to the appellate process*." (Emphasis added.) Id., 222–23. Accordingly, this court concluded that, in addition to setting a new date for a public sale, the trial court had the authority "to ascertain the amount due the plaintiff, and to add to that amount interest and reimbursement for expenses, costs, attorney['s] fees and appraiser's fees." Id., 223.

Unlike the trial court in the present case, the trial court in *Tucker* was not asked to change the *form* of the foreclosure judgment on remand. The Appellate Court has recognized in a different context, however, that, when law days have passed during the course of

Wahba *v.* JPMorgan Chase Bank, N.A.

an appeal from a foreclosure judgment, requiring that the trial court render a new judgment, the trial court has the authority to entertain a request for a foreclosure by sale. See *US Bank National Assn.* v. *Christophersen*, 179 Conn. App. 378, 391–93, 180 A.3d 611, cert. denied, 328 Conn. 928, 182 A.3d 1192 (2018). Although *Christophersen* is distinguishable from the present case because it involved the opening of a judgment of strict foreclosure by operation of General Statutes § 49-15 (b),[5] and not a judgment that had become ineffective as the result of the passing of law days during the course of an appeal, the case provides some support for the conclusion that, when law days have passed and the trial court must reset them, the parties are not barred from seeking updated findings on the amount of the debt and the value of the property or from requesting a foreclosure by sale, if the updated findings warrant it. We further note that the Appellate Court has held that, just as when a judgment of strict foreclosure has been opened as the result of a bankruptcy filing, when law days have passed during the pendency of an appeal and the case is remanded to the trial court to set new law days, the trial court "ha[s] jurisdiction over the matter and properly set[s] law days *pursuant to § 49-*

---

[5] General Statutes § 49-15 provides in relevant part: "(a) (1) Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the judgment, upon the written motion of any person having an interest in the judgment and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable, provided no such judgment shall be opened after the title has become absolute in any encumbrancer except as provided in subdivision (2) of this subsection.

\* \* \*

"(b) Upon the filing of a bankruptcy petition by a mortgagor under Title 11 of the United States Code, any judgment against the mortgagor foreclosing the title to real estate by strict foreclosure shall be opened automatically without action by any party or the court, provided, the provisions of such judgment, other than the establishment of law days, shall not be set aside under this subsection, provided no such judgment shall be opened after the title has become absolute in any encumbrancer or the mortgagee, or any person claiming under such encumbrancer or mortgagee. . . ."

*15* [*(a) (1)*].'' (Emphasis added.) *L & R Realty* v. *Connecticut National Bank*, supra, 53 Conn. App. 549. In other words, a remand order to set new law days is the functional equivalent of an order to open the judgment of strict foreclosure. See *RAL Management, Inc.* v. *Valley View Associates*, supra, 278 Conn. 683 (''a *new judgment* [becomes] necessary'' when law days have passed during pendency of appeal (emphasis added; internal quotation marks omitted).

More recently, the Appellate Court has suggested in dictum that, when a judgment of strict foreclosure has been affirmed and the case has been remanded to the trial court to set new law days, ''sound policy reasons'' weigh in favor of allowing a trial court to consider whether it should order a foreclosure by sale without expressing any concerns that doing so would run afoul of principles of res judicata. *U.S. Bank National Assn.* v. *Rago*, 216 Conn. App. 200, 207 n.9, 284 A.3d 629 (2022). The court in *Rago* noted that it is well established that, to prevent a windfall to the mortgagee, foreclosure by sale is the preferred form of judgment in cases in which the value of the property exceeds the amount of the debt. Id., 208. Critically, it further noted that ''foreclosure is peculiarly an equitable action . . . .'' (Citations omitted; internal quotation marks omitted.) Id. The court acknowledged that ''it is not difficult to conceive''; id.; contrary to the holding of *Connecticut National Bank* v. *Zuckerman,* supra, 31 Conn. App. 441, that the ''trial court cannot deviate'' from a remand order directing the trial court only to set new law days; (internal quotation marks omitted); *U.S. Bank National Assn.* v. *Rago*, supra, 207 n.9; that, ''on a proper motion with an evidentiary showing and due notice and an opportunity to be heard,'' the trial court could make new findings and order a foreclosure by sale. Id., 208–209. The Appellate Court concluded in *Rago* that there was no need to resolve this issue, however, because, regardless

Wahba *v.* JPMorgan Chase Bank, N.A.

of whether there are circumstances under which a trial court would have such authority, the trial court in that case improperly had made updated findings concerning the value of the property and the amount of the debt "sua sponte and without providing to the parties adequate notice and an opportunity to be heard." Id., 209; see also id., 207–208 n.9.

With these precedents in mind, we conclude that, when a reviewing court affirms a judgment of strict foreclosure and remands the case to the trial court for the setting of new law days, mechanically applying the doctrine of res judicata to bar the trial court from modifying the judgment of strict foreclosure in any other respect would "frustrate other social policies based on values equally or more important than the convenience afforded by finality in legal controversies." (Internal quotation marks omitted.) *Weiss* v. *Weiss*, supra, 297 Conn. 466. As the foregoing discussion makes clear, a judgment of strict foreclosure is uniquely susceptible to becoming ineffective and stale over the course of time. Law days pass, the amount of the debt changes, and the property's value fluctuates. It is also axiomatic that "foreclosure is peculiarly an equitable action . . . ." (Citations omitted; internal quotation marks omitted.) *U.S. Bank National Assn.* v. *Rago*, supra, 216 Conn. App. 208; see also *U.S. Bank National Assn.* v. *Rothermel*, 339 Conn. 366, 374, 260 A.3d 1187 (2021) ("[b]ecause foreclosure is peculiarly an equitable action . . . the court may entertain such questions as are necessary to be determined in order that complete justice may be done" (internal quotation marks omitted)). Thus, when an appellate court has affirmed a judgment of strict foreclosure and remanded the case to the trial court with direction to set new law days—perhaps years after the original judgment—we deem it necessary, unless expressly prohibited for some reason by the reviewing court's remand order, for the trial court to

Wahba *v.* JPMorgan Chase Bank, N.A.

make a new finding as to the amount of the debt so that the parties know what the mortgagor must pay to redeem the property. See *US Bank National Assn.* v. *Christophersen*, supra, 179 Conn. App. 394 ("[the] case law is clear that the governing principle is that a mortgagee is . . . entitled to the payment of the debt owing him" and to no more (internal quotation marks omitted)). That being the case, we see no reason why, if the mortgagor makes an adequate proffer, equity would not also demand that the court determine the property's current value so that the court knows whether a strict foreclosure would result in potential windfall to the mortgagee. And, if a windfall to the mortgagee would result, we also see no reason why, in an appropriate case, equity would not demand that the court exercise its discretion and determine whether to modify the form of the judgment and to order a foreclosure by sale. See *Toro Credit Co.* v. *Zeytoonjian*, 341 Conn. 316, 330, 267 A.3d 71 (2021) ("foreclosure by sale is the preferred decree in situations in which the property's fair market value exceeds the debt" (internal quotation marks omitted)); *Caliber Home Loans, Inc.* v. *Zeller*, 205 Conn. App. 642, 659, 259 A.3d 1 ("[w]e have recognized that when the value of the property substantially exceeds the value of the lien being foreclosed, the trial court abuses its discretion when it refuses to order a foreclosure by sale" (internal quotation marks omitted)), cert. denied, 338 Conn. 914, 259 A.3d 1179 (2021); *US Bank National Assn.* v. *Christophersen*, supra, 179 Conn. App. 394 ("[s]ince a mortgage foreclosure is an equitable proceeding . . . a windfall should be avoided if possible" (internal quotation marks omitted)). In our view, these practical and equitable considerations outweigh the interests in finality and repose that underlie the doctrine of res judicata.

This analysis disposes of the defendant's claim that, because the plaintiff failed to challenge the judgment

Wahba *v.* JPMorgan Chase Bank, N.A.

of strict foreclosure in her initial appeal, even though there was some equity in the property at that time, the trial court was barred from entertaining the plaintiff's request for a foreclosure by sale on remand from the Appellate Court after it had resolved the first appeal. As we have explained, the justification for the exception to the doctrine of res judicata in this specific situation is that relevant circumstances have changed during the course of the appeal. The fact that the plaintiff failed to challenge the form of the original judgment on appeal, despite having some equity in the property, does not mean that she was barred from seeking a foreclosure by sale on remand years later, at which time she claimed that the property's value had increased by more than $2 million.[6] We conclude, therefore, that the doctrine of res judicata did not bar the trial court from entertaining the plaintiff's request that it modify the judgment and order a foreclosure by sale.

II

For similar reasons, we agree with the plaintiff that the Appellate Court incorrectly determined that the trial court had no authority to entertain the plaintiff's request that it modify the judgment and order a foreclosure by sale on the ground that the Appellate Court remanded the case to the trial court "solely for the purpose of

---

[6] We note that the trial court stated in its November 26, 2018 ruling rendering the judgment of strict foreclosure that "the equity may be perceived as substantial insofar as, at the time of the foreclosure trial, the apparent equity was in the hundreds of thousands of dollars, but as measured against the overall value of the property, in the millions of dollars, the equity is a relatively small percentage of the value, and, unless a foreclosure by sale were to realize some 90 [percent, plus or minus] of the value of the property (seemingly an optimistic viewpoint), a foreclosure by sale might well be deemed counterproductive. (As reflected by a supplemental submission by the defendant, the amount of the debt ha[d] increased by approximately $200,000, since the time of the foreclosure trial (and still further since July 30, 2018), further diminishing the possibly available equity were a sale to be ordered.)"

349 Conn. 483 JUNE, 2024 501

Wahba *v.* JPMorgan Chase Bank, N.A.

setting new law days.'' *Wahba* v. *JPMorgan Chase Bank, N.A.*, supra, 200 Conn. App. 869.

The following well established principles govern proceedings in the trial court after a remand by an appellate court. ''In carrying out a mandate of [the reviewing] court, the trial court is limited to the specific direction of the mandate as interpreted *in light of the opinion. . . .* This is the guiding principle that the trial court must observe. . . . Compliance means that the direction is not deviated from. The trial court cannot adjudicate rights and duties not within the scope of the remand. . . . It is the duty of the trial court on remand to comply strictly with the mandate of the appellate court according to its true intent and meaning. No judgment other than that directed or permitted by the reviewing court may be rendered, even though it may be one that the appellate court might have directed. The trial court should examine the mandate and *the opinion of the reviewing court and proceed in conformity with the views expressed therein. . . .*

''We have also cautioned, however, that . . . remand orders should not be construed so narrowly as to prohibit a trial court from considering matters relevant to the issues upon which further proceedings are ordered that may not have been envisioned at the time of the remand. . . . So long as these matters are not extraneous to the issues and purposes of the remand, they may be brought into the remand hearing.'' (Citation omitted; emphasis in original; internal quotation marks omitted.) *Rizzo Pool Co.* v. *Del Grosso*, supra, 240 Conn. 65–66.

''Determining the scope of a remand is a matter of law because it requires the trial court to undertake a legal interpretation of the higher court's mandate in light of that court's analysis. . . . Because a mandate defines the trial court's authority to proceed with the case on remand, determining the scope of a remand is

akin to determining subject matter jurisdiction. . . . We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *State* v. *Brundage*, 320 Conn. 740, 747, 135 A.3d 697 (2016).

Purporting to apply these principles, the Appellate Court in *Connecticut National Bank* v. *Zuckerman*, supra, 31 Conn. App. 442, held in no uncertain terms that its earlier order in that case affirming a judgment of strict foreclosure and remanding the case to the trial court "for the purpose of setting new law days" precluded the trial court from opening the judgment and ordering a foreclosure by sale. The Appellate Court dismissed the defendant's appeal claiming otherwise as purely dilatory. See id. As we suggested in part I of this opinion, however, the Appellate Court recently has expressed concern that it might have wrongly decided *Zuckerman*. See *U.S. Bank National Assn.* v. *Rago*, supra, 216 Conn. App. 207–208 n.9. In *Rago*, published on the same date as the Appellate Court's decision in *Wahba II*, the decision presently under review, the court recognized, as we have in part I of this opinion, that there are "important policy reasons that are not extraneous to the purposes of a remand in the foreclosure context"; id., 207; that might justify opening a judgment of strict foreclosure and ordering a foreclosure by sale, "notwithstanding a prior affirmance of [the] judgment of strict foreclosure and an attendant remand for the purpose of setting new law days." Id., 209; see also *Wahba* v. *JPMorgan Chase Bank, N.A.*, supra, 216 Conn. App. 239 n.3 (citing *Rago* and noting that for Appellate Court to overrule *Zuckerman* would require en banc consideration by that court).

We agree with the Appellate Court in *Rago* that, to the extent *Zuckerman* held that a remand order that solely directs the trial court to set new law days always

Wahba *v.* JPMorgan Chase Bank, N.A.

bars the trial court from making new findings as to the value of the property and the amount of the debt and, if warranted by those findings, ordering a foreclosure of sale, the case was wrongly decided, and it is hereby overruled. When, as in the present case, the claim on appeal is not that the trial court abused its equitable discretion by ordering a strict foreclosure but that the trial court improperly rendered a judgment of foreclosure *in any form*, there simply is no reason to conclude that a reviewing court's affirmance of a judgment of strict foreclosure and remand of the case to set new law days reflected an intent to prohibit a foreclosure by sale if justified by new findings as to the value of the property. Indeed, the defendant concedes that "the issue of whether the underlying foreclosure judgment should have been a strict foreclosure or a foreclosure by sale was not put to [the Appellate Court] in [*Wahba I*]." Under these circumstances, an interpretation of the remand order to set new law days as prohibiting the court from considering a request for a foreclosure by sale would not reflect any actual decision by the reviewing court that a foreclosure by sale is unwarranted. See 5 Am. Jur. 2d, Appellate Review § 689 (2024) (mandate rule precludes further consideration only of "issues actually decided on appeal"); see also *United States* v. *Perez*, 475 F.3d 1110, 1113 (9th Cir. 2007) (when applying mandate rule, "[t]he ultimate task is to distinguish matters that have been decided on appeal, and *are therefore beyond the jurisdiction of the lower court*, from matters that have not" (emphasis in original; internal quotation marks omitted)). Thus, as the Appellate Court aptly observed in *Rago*, such an interpretation of the remand order would interfere with the trial court's obligation to do equity and potentially result in an unwarranted windfall to the mortgagee for no discernable reason.

In the absence of any evidence that the reviewing court's remand order reflected an actual intent to limit

the trial court's equitable discretion as to the form of the order, we find it far more reasonable to conclude that an order remanding the case with direction to set new law days merely embodies a rebuttable presumption that the original form of the foreclosure judgment should stand. That presumption may be rebutted if *the trial court, upon an adequately supported request by a party, makes new findings warranting a foreclosure by sale*. Such an interpretation would be consistent with the well established principle that trial courts may consider "matters relevant to the issues upon which further proceedings are ordered that may not have been envisioned at the time of the remand." (Internal quotation marks omitted.) *Rizzo Pool Co.* v. *Del Grosso*, supra, 240 Conn. 65–66; see also *State* v. *Brundage*, supra, 320 Conn. 749 ("A reviewing court . . . cannot and should not attempt to anticipate in its decision every procedural and factual eventuality that could arise upon remand to the trial court. By contrast, the trial court is in the best position to deal with procedural and factual developments in a case on remand and is the proper court to address such eventualities as they arise."); 5 Am. Jur. 2d, supra, § 689 ("lower courts are free as to anything not foreclosed by the mandate, and, under certain circumstances, an order issued after remand may deviate from the mandate if it is not counter to the spirit of the higher court's decision"); id. ("a court on remand . . . is ordinarily free to make an order or direction on questions not presented or settled by [an] appellate court which is not inconsistent with the appellate court's opinion" (footnote omitted)); cf. *Rizzo Pool Co.* v. *Del Grosso*, supra, 69 (trial court properly followed "standard operating procedure" when it awarded attorney's fees pursuant to General Statutes § 42-150bb on remand despite lack of specific direction in Supreme Court's rescript); *Hartford National Bank & Trust Co.* v. *Tucker*, supra, 195 Conn. 221 (when case was

Wahba *v.* JPMorgan Chase Bank, N.A.

remanded to trial court "for the setting of a new date for a public sale of the mortgaged premises and any other necessary orders not inconsistent with this opinion," trial court had implicit authority to make new findings as to amount of debt and value of property (internal quotation marks omitted)); *Mazzotta* v. *Bornstein*, 105 Conn. 242, 244, 135 A. 38 (1926) ("[w]hile the rescript did not specify that the judgment as directed bore [mandatory statutory] interest from the date of the judgment appealed from, it can bear no other interpretation"). We conclude, therefore, that the Appellate Court incorrectly determined that its rescript in *Wahba I* stripped the trial court of authority to order a foreclosure by sale if a party so requests and it is warranted by a change in circumstances. It follows that, contrary to the defendant's claim, the plaintiff was not required to ask the Appellate Court to reconsider and modify the form of the remand order before she could ask the trial court to consider a foreclosure by sale.

In reaching its conclusion that the trial court had no such authority, the Appellate Court appears to have concluded that the trial court was required to apply a version of the plain meaning rule[7] to interpret the rescript in *Wahba I*. See *Wahba* v. *JPMorgan Chase Bank, N.A.*, supra, 216 Conn. App. 239–40 (because rescript in *Wahba I* directed trial court only to set new law days, trial court could not take any other action). That is, it appears to have concluded that, because the plain meaning of the rescript in *Wahba I* was clear and unambiguous, the trial court could not, based on the

_____

[7] The plain meaning rule, embodied in General Statutes § 1-2z, is a principle of statutory construction that precludes courts from considering extratextual evidence as to the meaning of statutory language if, after first examining the statute and its relationship to the broader statutory scheme of which it is part, the court determines that the language at issue is plain and unambiguous and does not yield absurd or unworkable results. See, e.g., *777 Residential, LLC* v. *Metropolitan District Commission*, 336 Conn. 819, 827–28, 251 A.3d 56 (2020).

Wahba *v.* JPMorgan Chase Bank, N.A.

plaintiff's request to consider a foreclosure by sale, inquire into the actual intent of the Appellate Court as revealed in its decision as a whole, including the facts and procedural history of the case, the nature of the claims made by the plaintiff on appeal and whether there was any evidence that the Appellate Court intended that the trial court should deviate from standard operating procedures on remand.[8] The weight of authority clearly indicates, however, that trial courts are not strictly bound by the plain meaning of the rescript language but may consider all evidence of the reviewing court's intent when determining what the rescript authorizes and what it prohibits.

Although we have concluded that neither the language of the Appellate Court's remand order nor the doctrine of res judicata barred the trial court from entertaining the plaintiff's request for a foreclosure by sale, we emphasize that nothing in this opinion would prevent a reviewing court that has affirmed a judgment of strict foreclosure from, in an appropriate case, indicating in its remand order that the trial court should not modify the form of the original judgment on remand merely because it makes a finding that the equity in the property is now significantly greater than the amount of the debt. For example, if the reviewing court were to conclude that the mortgagor brought a meritless appeal from a judgment of strict foreclosure *solely* for the purpose of delay, the court might reasonably conclude that the mortgagee, which presumably would have taken absolute title to the property upon the passage of the original law day if not for the meritless appeal, is equitably entitled to the benefit of any increase in the value of the property resulting from the

---

[8] In taking this approach, the Appellate Court in *Wahba II* relied on its decision in *Connecticut National Bank* v. *Zuckerman*, supra, 31 Conn. App. 440, the correctness of which it has now acknowledged to be doubtful. See *U.S. Bank National Assn.* v. *Rago*, supra, 216 Conn. App. 207–208 n.9.

delay.[9] Obviously, if the reviewing court so determines, and signals as much, the trial court would lack authority to entertain a request to order a foreclosure by sale on remand. Nothing in *Wahba I*, however, indicates that the Appellate Court intended to limit the exercise of the trial court's equitable powers on remand in this way. See 5 Am. Jur. 2d, supra, § 689 ("a court on remand . . . is ordinarily free to make an order or direction on questions not presented or settled by [an] appellate court which is not inconsistent with the appellate court's opinion" (footnote omitted)). We therefore conclude that the Appellate Court's remand order in *Wahba I* did not deprive the trial court of its equitable discretion to order a foreclosure by sale.

Although we have concluded that an appellate court's affirmance of a judgment of strict foreclosure and remand of the case to the trial court with direction only to set new law days does not necessarily preclude the trial court from considering a request to order a foreclosure by sale, we take this opportunity to instruct reviewing courts (including ourselves) that they should take care to craft remand orders that accurately reflect the scope of the court's ruling and its intent. Our goal should be

---

[9] We are not persuaded by the defendant's contention at oral argument before this court that allowing the trial court to entertain a request for a judgment of foreclosure by sale when a reviewing court has affirmed a judgment of strict foreclosure and remanded the case with direction to set new law days would result in a "perpetual motion" machine. If there is evidence that a mortgagor is using successive appeals merely for the purpose of delay, there are tools to prevent such behavior. For example, Practice Book § 61-11 (g) provides that, if a mortgagor files more than two motions to open, "no automatic stay shall arise upon the court's denial of any subsequent contested motion by that party, unless the party certifies under oath, in an affidavit accompanying the motion, that the motion was filed for good cause arising after the court's ruling on the party's most recent motion." In addition, the rule provides that, even if the mortgagor files such an affidavit, the mortgagee may seek to terminate the automatic stay of execution pending appeal "by filing a motion requesting such relief accompanied by an affidavit stating the basis for [its] claim." Practice Book § 61-11 (g). Finally, most mortgages contain provisions requiring the mortgagor to pay the mortgagee's attorney's fees in the event of a foreclosure.

508 JUNE, 2024 349 Conn. 483

Wahba *v.* JPMorgan Chase Bank, N.A.

to provide trial courts with precise guidance about what action we expect them to undertake on remand and not to require them to parse opinions or to speculate about an appellate court's intent to determine what actions are or are not permitted on remand. For example, if a reviewing court affirms a judgment of strict foreclosure and remands the case to the trial court to set new law days but does not intend to prohibit the trial court from considering a party's request to order a judgment by sale if warranted by a change in circumstances, the reviewing court should expressly manifest that intent in the rescript by remanding the case for further proceedings consistent with our opinion in the present case.[10]

III

Finally, we address the plaintiff's claim that the Appellate Court incorrectly determined that, even if the trial court had the authority on remand to order a foreclosure by sale, she was required to file a motion to open the judgment of strict foreclosure and to present evidence that the property's value had substantially increased since the date of the original judgment before the court could exercise that authority. We agree with the plaintiff.

This claim presents a question of law subject to plenary review. See, e.g., *Traystman, Coric & Keramidas, P.C.* v. *Daigle*, 282 Conn. 418, 428–29, 922 A.2d 1056 (2007) (whether party followed proper procedure under governing statutes and rules of practice is question of law subject to plenary review).

___

[10] We recommend that courts use the following rescript language in such situations: "The judgment is affirmed and the case is remanded for the purpose of making a new finding as to the amount of the debt, for the setting of new law days, and for other proceedings according to law." We also recommend including a citation to this decision, "See *Wahba* v. *JPMorgan Chase Bank, N.A.*, 349 Conn. 483, A.3d (2024)," in a footnote appended to the end of the rescript as support for the foregoing rescript language.

Wahba *v.* JPMorgan Chase Bank, N.A.

Although our case law supports the proposition that a judgment of strict foreclosure may be modified on remand, even when the reviewing court has affirmed the judgment, the plaintiff points out that our statutes and rules of practice do not contain any express provisions governing the procedure for seeking a modification at that time. As we explained in part I of this opinion, however, upon the passing of the law days while an appellate stay of execution is in effect, a judgment of strict foreclosure becomes "ineffective in an essential respect"; (internal quotation marks omitted) *RAL Management, Inc.* v. *Valley View Associates*, supra, 278 Conn. 683; leaving that judgment in a state of limbo. As we also explained, the Appellate Court has held that a remand to the trial court with direction to set new law days is the functional equivalent of an order to open the judgment. See *L & R Realty* v. *Connecticut National Bank*, supra, 53 Conn. App. 549. Indeed, the defendant did not see fit to move to open the judgment before asking the trial court to reset the law days, presumably because it believed that there was no need for such a motion in light of the remand order. We therefore conclude that there was also no need for the plaintiff to move to open the judgment before the court could entertain her request to order a foreclosure by sale.

We also conclude that the plaintiff made an adequate proffer to support her request that the trial court order the defendant to provide an updated amount of the debt and property appraisal and, if warranted by the new information obtained, order a foreclosure by sale. In her objection to the defendant's motion to set new law days, the plaintiff represented to the court that the original appraisal was almost four years old, property values had increased statewide during that time, and the increase in values "ha[d] been most dramatic for high-end shoreline properties" such as the plaintiff's. The defendant did not contradict the plaintiff on these

points. In her motion for reconsideration of the trial court's denial of that request, the plaintiff represented that Zillow had estimated the current value of the property at $8,817,600, an increase of more than $2 million over the amount of the original appraisal. She also represented that the current estimated value of the property was approximately $2 million greater than the current amount of the debt.

This court has held that "[o]ffers of proof are allegations by the attorney . . . in which he represents to the court that he could prove them if granted an evidentiary hearing. . . . The purpose of an offer of proof has been well established by our courts. First, it informs the court of the legal theory under which the evidence is admissible. Second, it should inform the trial [court] of the specific nature of the evidence so that the court can judge its admissibility. Third, it creates a record for appellate review. . . . Additionally, an offer of proof should contain specific evidence rather than vague assertions and sheer speculation." (Internal quotation marks omitted.) *State* v. *Anderson*, 318 Conn. 680, 689–90, 122 A.3d 254 (2015).

These principles apply equally to the plaintiff's filings requesting that the trial court consider rendering a judgment for a foreclosure by sale, in which she effectively advised the trial court what she *could prove* about the property's value if the court agreed to entertain her request. We conclude that the plaintiff's representations were adequate for this purpose. Although it would have been preferable if the plaintiff, in support of her request, had cited admissible evidence as to the property's value, her failure to do so does not mean that her representation was inadequate to establish the need for a hearing at which the parties could offer such evidence to establish the property's value, including a new appraisal if either party wanted to offer one. This opportunity was all that the plaintiff requested. Indeed, there is authority

Wahba *v.* JPMorgan Chase Bank, N.A.

for the proposition that an owner and occupant of real property is competent to testify as to its market value. See *Misisco* v. *La Maita*, 150 Conn. 680, 684, 192 A.2d 891 (1963). We conclude, therefore, that the plaintiff's representations concerning the property's value sufficed to establish the need for a hearing. This is especially so considering that the previous appraisal was more than four years old,[11] and it was widely reported in 2020 and 2021 that residential values in Connecticut were skyrocketing in the wake of the COVID-19 pandemic, particularly in the southwest corner of the state where the subject property was located. See, e.g., A. Soule, Home Prices Continue To Surge in Connecticut, Where Real Estate Is Already Red-Hot, Conn. Post, June 3, 2021, available at https://www.ctpost.com/business/ article/Home-prices-continue-to-surge-in-Connecticut-16220322.php) (last visited June 21, 2024); A. Soule, Study: Real Estate Prices in CT Set To Continue Increasing in 2021, Conn. Post, December 4, 2020, available at https://www.ctpost.com/business/article/Study-Real-estate-prices-in-CT-set-to-continue-15774394.php (last visited June 21, 2024); see also *Moore* v. *Moore*, 173 Conn. 120, 123, 376 A.2d 1085 (1977) ("fact of inflation . . . could be judicially noticed without affording an opportunity to be heard," but plaintiff was required to present evidence that inflation justified increasing amount of child support order); *Quanah, Acme & Pacific Railway Co.* v. *Eblen*, 87 S.W.2d 540, 543 (Tex. Civ. App.

---

[11] We note that paragraph 1 of the court issued Foreclosure Worksheet, Form JD-CV-77 (Rev. 12-16), provides that "[t]he appraisal report (NOT merely the affidavit of the appraiser) MUST be dated within *120 days* of the date of judgment, regardless of whether an initial judgment is being entered or a judgment is being reopened." (Emphasis in original.) In addition, Paragraph F of the Uniform Foreclosure Standing Orders, Form JD-CV-104 (Rev. 11-20), issued by the Superior Court provides that, after a bankruptcy stay has been lifted allowing a foreclosure action to proceed, "if the last finding made by the court as to the fair market value of the premises is more than 120 days old, then the plaintiff must also present to the court an updated appraisal for the court to make an updated finding of the fair market value of the premises on the date of the hearing."

Wahba *v.* JPMorgan Chase Bank, N.A.

1935, writ ref'd) (court can take judicial notice of "general economical conditions"). We further note that the defendant, a bank in the business of issuing mortgage loans, and therefore in a position to know about statewide changes in real estate values and general economic conditions, did not contest the plaintiff's claim. Nor did the trial court indicate that it believed that there was an inadequate proffer for the plaintiff's claim that the value of the property had substantially increased when it denied the plaintiff's initial request that the court consider a foreclosure by sale and her later motion for reconsideration. Rather, the court based both decisions solely on its belief that the Appellate Court's remand order in *Wahba I* precluded it from entertaining the request. We therefore reject the defendant's contention that the plaintiff's request was based on an "entirely unsupported assumption as to this purported increase in the property value" and that remanding the case to the trial court for further proceedings would give the plaintiff "yet another bite of the apple . . . ." (Internal quotation marks omitted.) The plaintiff was not required to *prove* that the value of the property had increased before she could request an evidentiary hearing on that issue.

IV

In summary, we conclude that the doctrine of res judicata did not bar the trial court from entertaining the plaintiff's request that it order a new appraisal of the property and consider ordering a foreclosure by sale. We further conclude the Appellate Court incorrectly determined that (1) the trial court's ruling that the rescript in *Wahba I* deprived the trial court of the authority to entertain the plaintiff's request was correct, and (2) even if the trial court had such authority, the plaintiff provided an inadequate evidentiary foundation for the trial court to exercise that authority. We therefore reverse the judgment of the Appellate Court

Wahba *v.* JPMorgan Chase Bank, N.A.

affirming the judgment of the trial court. We, of course, express no opinion here as to the merits of the plaintiff's request for a foreclosure by sale but leave that issue to be determined by the trial court on remand.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to reverse the judgment of the trial court and to remand the case to that court for the purpose of making a new finding as to the amount of the debt, for the setting of new law days, and for other proceedings consistent with this opinion.

In this opinion the other justices concurred.